916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary EGGLETON, Plaintiff-Appellant,
v.
John GLUCH, James Graham and Bryan Bledsoe, Defendants-Appellees.
 No. 89-1927.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr. Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant Gary Eggleton brought this case alleging constitutional violations by personnel at the Federal Correctional Institution (FCI) in Milan, Michigan. Plaintiff appeals the District Court's decision to grant defendants summary judgment. Plaintiff raises four issues in this appeal: (1) his confinement in segregation was without proper notice and review; (2) his constitutional rights were violated when he was tried twice for a prison violation; (3) the warden had no authority to keep him in administrative segregation following the Institution Disciplinary Committee (IDC) hearings; and (4) his transfer to another federal facility and reclassification were in retaliation for his acquittal on two charges. Finding no error in the District Court's rulings, we AFFIRM.
 
 
 2
 Although these claims arose when plaintiff was an inmate at the FCI-Milan, he has since been transferred to the FCI in Petersburg, Virginia. Defendants are employees at the facility in Milan: John Gluch is the Warden, Captain Graham is the Chief Correctional Supervisor and Officer Bledsoe is a unit manager.
 
 
 3
 On November 10, 1986, plaintiff was placed in administrative segregation because he was suspected of planning an escape by helicopter. He had been at the Milan facility for almost six months. Plaintiff remained in administrative segregation until his transfer to Petersburg six months later. The Federal Bureau of Investigation filed a complaint on November 10, charging plaintiff with conspiracy to instigate a plan to attempt to escape. The complaint was dismissed on December 12, 1986. In February, the FBI notified officials at FCI-Milan that they could proceed with their internal investigation. The FBI, however, continued to investigate the alleged incident until April 1988.
 
 
 4
 During his time in administrative segregation, plaintiff's security classification was changed. On January 29, 1987, he was re-classified from a level 2 to a level 4. Two months later his classification was decreased to a level 3. On February 17, 1987, plaintiff received an incident report charging him with attempted escape in violation of prison regulations. After a formal hearing on March 4, 1987, the IDC found plaintiff not guilty of attempted escape. Plaintiff continued to be housed in administrative segregation. On March 9, 1987, plaintiff was charged again, this time with conspiracy to escape. In April, a second IDC determined that there was insufficient evidence to find that plaintiff had committed the charged misconduct.
 
 
 5
 Following the IDC determinations, defendant Gluch requested that plaintiff be transferred from FCI-Milan to FCI-Petersburg from which a helicopter escape was not possible. On May 22, 1987, plaintiff was transferred to the Petersburg facility.
 
 
 6
 The first question to be addressed is whether plaintiff has a protected liberty interest concerning each of his claims. Liberty interests may be created by the Constitution itself, or they may be established by particular laws or regulations. The question is whether "statutes, ... including prison policy statements or other promulgations, created for plaintiffs a liberty entitlement or expectation." Bills v. Henderson, 631 F.2d 1287, 1291 (6th Cir.1980). Inmates have a liberty interest if a statute puts substantive limitations on the prison official's discretion in running the prison. Id. at 1293. If a liberty interest has been created, then the question becomes whether the process due an inmate has been satisfied.
 
 
 7
 Plaintiff claims that he did not receive proper notice of the reasons for his removal to administrative segregation and that that lack of proper notice violated his due process rights. Federal regulations require that an inmate receive notice within 24 hours of the reasons for transfer to administrative segregation. 28 C.F.R. Sec. 541.22(b). Plaintiff did receive notice, but he argues that because the notice was inaccurate, no actual notice was given. The notice stated that he was in administrative segregation "pending investigation of a violation of Bureau regulations." There was no internal investigation occurring at that time because prison officials had suspended their investigation at the FBI's request. Plaintiff did receive notice that an investigation was underway. Several days later plaintiff received notice from the FBI that they were investigating the alleged escape attempt. Plaintiff makes no claim that the failure to state that the internal investigation was suspended on the original notice form resulted in any harm to him. Plaintiff can show no deprivation of due process from any inaccuracy in the notification.
 
 
 8
 Plaintiff also claims that defendants did not conduct the proper reviews required by the federal regulations. The regulations call for periodic reviews of all inmates who are confined to administrative segregation. 28 C.F.R. Sec. 541.22(c). Although seven and 30-day reviews were made to assure that plaintiff was being seen by medical staff, received his showers and exercise, and whether he had complaints, they were not formal reviews of whether his status in administrative segregation should be continued, since the reviewing committee had no jurisdiction to affect his status. Here too, plaintiff cannot show any harm that resulted in the lack of formal reviews. Plaintiff does not claim that his case was misplaced or that prison officials delayed the investigation of his case. Even presuming that the regulations were not followed, plaintiff cannot show any harm that resulted from that deviation and therefore cannot proceed on this issue. The District Court did not err in granting defendants summary judgment on this issue.
 
 
 9
 Plaintiff claims next that his constitutional rights were violated when he was "tried" twice for the same offense. It is true that two hearings were conducted on charges that plaintiff was involved in a plan to escape from FCI-Milan. At the first hearing he was charged with attempting to escape. At the second hearing he was charged with conspiracy to escape. The description of the incident in both charges described elements of conspiracy, and both involved the same set of facts. Defendant Gluch claims that the second hearing was conducted because he was convinced that plaintiff had planned an escape and believed that the first IDC concluded that he was not guilty of an attempt because there was no evidence that plaintiff had taken a positive step toward escaping. The second charge describes the incident in terms of "started" to conspire.
 
 
 10
 In order to prevail on this issue plaintiff must show that the second hearing was in violation of a clearly established statutory or constitutional right. "[B]are allegations of malice are insufficient to defeat a claim of qualified immunity if a government official's conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known." Ohio Civil Serv. Employees Ass'n v. Seiter, 858 F.2d 1171, 1173 (6th Cir.1988) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The right must be particularized enough at the time of the alleged violation so that "any reasonable official in the defendants' position [would] know that what the official is doing violates that right." Danese v. Asman, 875 F.2d 1239, 1242 (6th Cir.1989), cert. denied, 110 S.Ct. 1473 (1990).
 
 
 11
 Both of plaintiff's hearings involved charges that he violated prison regulations. Neither the Constitution nor applicable federal regulations had clearly established that plaintiff could not be charged twice for violations involving the same conduct. Defendants are therefore protected from liability by the qualified immunity doctrine. The District Court properly granted summary judgment on this issue.
 
 
 12
 Plaintiff claims that the Warden, defendant Gluch, violated his rights by keeping him in administrative segregation even after two IDCs determined that there was insufficient evidence to prove he had attempted or conspired to escape. The regulations concerning administrative segregation, however, do not restrict the warden's discretion enough to create a liberty interest in being released from administrative segregation immediately following a hearing.
 
 
 13
 Section 541.22 states that administrative segregation may be used in several situations, including the situation in which the inmate is a threat to security and an investigation or transfer is pending. 28 C.F.R. Sec. 541.22(a). The regulations do not require that an inmate be released from segregation immediately following a hearing. They require only that officials "release an inmate from administrative detention when reasons for placement cease to exist." Section 541.22(c)(1). The regulations also state that an inmate may be kept in administrative segregation for a longer period of time than usual if security requires it. Only six weeks lapsed between the date of plaintiff's last hearing and his transfer. Prison officials were permitted to keep plaintiff in segregation as long as he was considered a security threat and an investigation or transfer was pending.
 
 
 14
 Plaintiff claims that his reclassification and transfer to the federal facility in Petersburg was in retaliation for his successful defense of the charges against him. Both defendant Graham's and Gluch's affidavits state that it is the uniform policy to transfer any inmate suspected of trying to escape, even if the inmate is not convicted of any offense. Plaintiff, therefore, cannot show that the transfer was in retaliation. Plaintiff also cannot show that his reclassification was retaliatory. The outcome of the IDC hearing could not have been the reason for the reclassification since plaintiff was reclassified before the first IDC hearing. Plaintiff was reclassified because the Milan officials discovered that he had previously escaped from police custody. The reclassification, therefore, did not violate plaintiff's due process rights.
 
 
 15
 Plaintiff also argues that the charges against him remain on his record when they should have been expunged. 28 C.F.R. Sec. 541.17(i) does mandate that the inmate's file shall be expunged "following a ... finding that the inmate did not commit a prohibited act." This issue, however, is not before us since plaintiff did not properly raise the issue in the District Court.
 
 
 16
 The District Court's grant of summary judgment is AFFIRMED.