Howard E. AWALT, Plaintiff,

v.

Patrick WHALEN, Warden,
et al., Defendants.

Civ. A. No. 91–0474–AM.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 28, 1992.

Howard E. Awalt, pro se.

Richard Cullen, U.S. Atty., Richard Parker, Asst. U.S. Atty., E.D.Va., Alexandria, VA, for defendants.

## MEMORANDUM OPINION

HILTON, District Judge.

Plaintiff, Howard E. Awalt, presently confined at the Federal Correctional Institution (FCI) Talladega, Alabama, brings this action *in forma pauperis* against several present and former federal officials, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendants Richard Thornburgh, Patrick Whalen, Stuart W. Wilson, Ken Kepley, and Richard Urbanik, have submitted a Motion to Dismiss or, in the alternative, Motion for Summary Judgement. Plaintiff was advised his right to respond to these motions. Accordingly this court finds this matter to be ripe for disposition and for the reasons stated below, defendants' motion to dismiss is granted.

Plaintiff alleges that on or about October 5, 1989, while a confined inmate at FCI in Petersburg, Virginia, he was placed in administrative detention by officials at the facility, pursuant to the regulations set forth in 28 C.F.R. § 541.22(a)(8), and argu-ably pursuant to 18 U.S.C. § 4042, which imposes upon the Bureau of Prisons a duty to protect individuals charged with or convicted of offenses against the United States. This was done pursuant to a detention order which stated that staff had received an anonymous note that the plaintiff's life and safety were threatened by other unknown inmates within the institution. Plaintiff received an initial review by prison officials within three (3) days of the placement pursuant to the provisions of 28 C.F.R. § 541.23 at which time officials felt an imminent threat to plaintiff's safety existed.

On or about November 7, 1989, plaintiff submitted a handwritten request to prison officials to be released from administrative detention because he felt no threat to his safety existed. On November 8, 1989 a hearing was convened pursuant to 28 C.F.R. § 541.23(c), to consider the plaintiff's objection to administrative detention and request to be transferred to another facility. On November 11, 1989, plaintiff filed a request for administrative remedy seeking release from administrative detention. On December 15, 1989 the Warden denied the request. Plaintiff's appeals were rejected because of untimely filing. Plaintiff was transferred from FCI, Petersburg on January 4, 1990.

Prior to the date on which he was placed in administrative detention the plaintiff was employed with the institution factory (UNICOR), where he earned an average monthly salary of $300, and frequently was awarded meritorious gain time allowances of up to five days per month.

Plaintiff alleges that under 28 C.F.R. §§ 541.22(c) and 541.23(b) he should have received seven and thirty day reviews by prison officials subsequent to his initial placement in administrative detention.

 As a preliminary matter, this court lacks personal jurisdiction over two of the defendants, Messrs. Urbanick and Wilson. Service of process is governed by Fed.R.Civ.P., Rule 4. An individual may be served in a federal suit by utilizing the state long arm statutes, so long as the individual has certain "minimum contacts"

with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In the present case, neither of the aforementioned individuals was served with process in the Eastern District of Virginia nor do they have any contacts with the Commonwealth. Thus service of process outside the Commonwealth does not provide the court with jurisdiction over them.

█ Plaintiff's action must fail for other reasons as well. First, complaints against federal officials for constitutional tort causes of action must clearly set forth such facts that will show the existence of the clearly established constitutional right and what the defendants did to violate it—"who did what to whom and why." *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir.1982), *cert. denied*, 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983). A "heightened pleading standard" is appropriate in actions against government officials. *See Dunbar Corp. v. Lindsey, et al.*, 905 F.2d 754, 756 (4th Cir.1990).

█ In the present case, plaintiff's broad conclusory allegations of conspiracy and malfeasance do not meet the heightened pleading standard required by the Fourth Circuit in *Bivens*-type cases. Plaintiff merely alleges that he has a right to a hearing after administrative detention and the defendants are somehow responsible for failing to provide it to him. The plaintiff has failed to allege specifically what each defendant did to deprive him of a firmly established constitutional right. Second, plaintiff has failed to allege how he has a firmly established constitutional right to reenter the general population via a hearing under the Bureau of Prisons regulations cited by him. *See Dunbar Corp. v. Lindsey, et al.*, 905 F.2d at 764.

█ Further, a federal official is protected from personal liability by qualified immunity unless the plaintiff proves that the official's conduct knowingly violated a clearly established constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). In the instant case it is clear that the defendants are entitled to qualified immunity because there is no firmly established right that the plaintiff alleged was violated.

For example, in *Berrier v. Allen*, 951 F.2d 622 (4th Cir.1991) the court held that due process only attaches where a property or liberty interest is at stake. The Constitution does not "create an interest in being confined in a general population cell, rather than the more austere and restrictive administrative segregation quarters." *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). An incarcerated felon should reasonably expect confinement in administrative segregation during some part of his imprisonment, thus there is no firmly established constitutional right in remaining part of the general prison population. Thus there is no firmly established right to be confined in the general prison population.

█ Moreover, the Bureau of Prison regulations cited by plaintiff do not create a firmly established right to be returned to the general population, for the regulations do not mandate that he be returned to the general population after a hearing at which some specific findings are made. *See Berrier*, 951 F.2d at 622. The language of 28 C.F.R., sections 541.22 and 541.23 merely directs a procedure that staff are to follow within certain time frames when a prisoner does not wish to be confined in administrative detention. They do not create a liberty interest in release from detention which a hearing would protect. *See also Paoli v. Lally*, 812 F.2d 1489 (4th Cir.1987).

Even though a prisoner involuntarily held in administrative detention may be entitled under 28 C.F.R. § 541.23 to a hearing on the subject of his continued detention, whether or not the inmate stays in administrative detention remains discretionary with the institutional staff. That determination depends not on anything within the prisoner's control, but on the perceived danger to his well-being if he was housed in the general population, as well as the potential threat to security and good order if he was released.

█ Further, the plaintiff has also failed to establish either a Constitutionally

protected interest in a job assignment in UNICOR or to earn extra good time credits on that assignment. The Attorney General has the discretion to compensate inmates whom the Bureau of Prisons assigns to UNICOR. 18 U.S.C. §§ 4121 *et seq.* He has delegated the authority to exercise this discretion to the Board of Directors of Federal Prison Industries. 28 C.F.R. § 0.98. No statute or regulation diminishes the discretion to assign inmates to UNICOR to compensate them, or creates in an inmate a constitutionally protected right to such assignment or compensation. *See Altizer v. Paderick,* 569 F.2d 812 (4th Cir.1978); *Cooper v. Riddle,* 540 F.2d 731 (4th Cir.1976). Moreover, release from administrative detention would have provided plaintiff no guarantee of assignment to UNICOR because of the discretionary nature of the decision to place inmates in Federal Prison Industries. In addition, plaintiff has no liberty interest in the extra good time credits which he associates with his lost job placement, for "hope about a future discretionary decision by prison administrators is too speculative to give an inmate a liberty interest." *O'Bar v. Pinion,* 953 F.2d 74, 84 (4th Cir.1991).

Finally, the issue of reassignment to UNICOR is not properly before this Court since plaintiff was transferred from FCI, Petersburg, in January of 1990 to a Federal Prison outside the jurisdiction of the this court. Thus the court lacks jurisdiction on such issues since jurisdiction extends only to actual cases or controversies, and does not reach "questions that cannot affect the rights of litigants before them." *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); *see Inmates v. Owens,* 561 F.2d 560 (4th Cir.1977); *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 374, 78 L.Ed.2d 58 (1983). Accordingly, for the reasons stated above, defendants' motion to dismiss is GRANTED, and this action DISMISSED.