986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lee Alphonso MOORE, Plaintiff-Appellant,
v.
(NFN) (NMI) HAM, (NFN) (NMI) Shreeve, Defendants-Appellees.
 No. 92-3305.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Senior Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Lee Alphonso Moore (Moore), appearing pro se, appeals from an order of the United States District Court for the District of Kansas granting the defendants' motion for summary judgment and denying Moore all relief requested. Finding Moore's allegations conclusory, frivolous, and not taken in good faith, the court also denied Moore leave to proceed in forma pauperis on appeal. We grant Moore's request to proceed without prepayment of fees and costs and affirm the judgment of the district court for the reasons stated below.
 
 
 3
 Moore, an inmate of the United States Penitentiary at Leavenworth, Kansas (Leavenworth), brings this action pursuant to 28 U.S.C. § 1331. Relying on Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), Moore alleges that Captain D. L. Ham and Lieutenant James Shreeve, then serving as prison officials at Leavenworth, arbitrarily caused him to be removed from the general prison population and placed him in a segregated housing unit for administrative detention in violation of his Fifth, Eighth, and Fourteenth Amendment rights. Moore requests compensatory and punitive damages.
 
 
 4
 In late February, 1989, Leavenworth officials received information that Moore had made threats against the life of a staff member. On February 28, 1989, Moore was called to the administrative offices where Lieutenant Shreeve explained that Moore was being placed in administrative detention pending the completion of an investigation into the alleged threats. That same day, Lieutenant Shreeve completed an Administrative Detention Order,[1] a copy of which was provided to Moore as required by 28 C.F.R. § 541.22(b), and had Moore escorted to the administrative detention facility.
 
 
 5
 Investigation into the alleged threats revealed no evidence which would substantiate the allegations, and no incident report was prepared. Moore was then released from detention on March 2, 1989, after having been held for no more than three days.
 
 
 6
 Moore contends that the defendants conspired to harass and intimidate him in retaliation for previous complaints which Moore allegedly filed against Captain Ham and also in attempt to prevent him from filing grievances against institutional staff members. A review of the administrative remedy records at the penitentiary at Terre Haute, Indiana, where Moore allegedly filed complaints against Captain Ham, revealed that although Moore filed several complaints there, none concerned Captain Ham. Thus, the claim that Moore's detention resulted from retaliation lacks supporting evidence. Moore cannot rely on this broad and conclusory allegation. This court has held that "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir.1990).
 
 
 7
 Moore asserts that the Federal Bureau of Prisons, in 28 C.F.R. § 541.22, grants him a liberty interest in remaining in the general prison population. However, this regulation provides that an inmate may be placed in administrative detention for one of eight reasons, including "when the inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates or to the security or orderly running of the institution [, and] the inmate . . . [i]s pending an investigation of a violation of Bureau regulations . . . ." See, 28 C.F.R. § 541.22(a). While Moore asserts that the defendants fabricated the rationale given for detention, the record makes clear that Moore was segregated pursuant to a rationale outlined in the regulations.
 
 
 8
 Moore's assertion that 28 C.F.R. § 541.22 grants him a liberty interest in remaining in general prison population is not supported by the law of this jurisdiction. If "segregation is non-punitive in nature and is done for administrative or supervisory reasons, the inmate has no due process rights prior to administrative confinement unless prison regulations provide him with a liberty interest." Frazier, 922 F.2d at 562 (citing Hewitt v. Helms, 459 U.S. 460 (1983)). Moore does not cite any prison regulation which provides him with a liberty interest. We have recognized that Hewitt "reflects the current trend to recognize wide discretionary authority in prison officials as to how they may deal with inmates." Frazier, 922 F.2d at 562.
 
 
 9
 Moore also contends that the district court failed to consider that he was not given the opportunity to contest the allegation which gave rise to his segregation. However, 28 C.F.R. § 541.22(c) provides that the Segregation Review Official, who reviews the status of inmates housed in administrative detention, "shall conduct a record review within three work days of the inmate's placement in administrative detention and shall hold a hearing and formally review the status of each inmate who spends seven continuous days in administrative detention . . . ." Here, the record reveals that a review was conducted and Moore was returned to general prison population within three days. Section 541.22 would not have entitled Moore to a hearing until he had spent seven continuous days in detention. Therefore, the defendants plainly satisfied the due process requirements for administrative detention pending the outcome of the investigation.
 
 
 10
 We have reviewed the entire record and are satisfied that the district court properly considered Moore's petition and correctly found that Moore failed to allege facts constituting a denial of his constitutional rights. Accordingly, we AFFIRM the district court's order of dismissal. The mandate shall issue forthwith.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Administrative Detention Order read: "You are being placed in Administrative Detention pending the completion of an investigation for possible threats you may have made against institution staff. Threatening staff disrupts the orderly running of the institution and hambers staff's ability to control their area of responsibility and creates an unsafe environment for both staff and inmates."