**Jerome CROWDER, Plaintiff,**

v.

**Page TRUE, Lt. Earl Mayfield, Lt. J.A. Seimen, William R. Hogan, Theodore Poulous, and K. Michael Moore, Defendants.**

**No. 91 C 7427.**

United States District Court,
N.D. Illinois, E.D.

Feb. 17, 1994.

Jerome A. Crowder, pro se.

Dana D. Deane, Ross & Hardies, P.C., Chicago, IL, Garson H. Wernick, Evanston, IL, Richard Patrick Ryan, Ryan & Associates, and Timothy Ignatius McArdle, Dunford, Fitzgerald & McArdle, Chicago, IL, for plaintiff.

Michele Szary Schroeder and Charles E. Ex, U.S. Attorney's Office, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This case involves the claims of a handicapped federal prisoner against his jailers and others concerning the conditions of his confinement at the MCC. This matter was before us recently upon the Defendants' motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) on a varied basis including failure to state a claim, failure to exhaust administrative remedies, and qualified immunity. We granted the motion in part and denied it in part, dismissing all claims except the Plaintiff's due process claim. The Defendants have now moved for reconsideration or clarification, arguing that we misconstrued the law as to the due process claim and that we failed to rule on the Defendants' immunity. For the reasons stated below, the Defendants' motion is granted in part and denied in part and this case is dismissed.

### Background

Mr. Crowder, a paraplegic "general" in the El Rukn street gang currently serving a life term in federal prison, alleges that he was denied proper medical care when he was placed in administrative detention at the Metropolitan Correctional Center in Chicago, Illinois while awaiting trial and that his segregation status was not reviewed as required by Bureau of Prison regulations. Crowder alleges that he was not allowed use of his wheel chair to move around in his cell, which resulted in bedsores and muscular discomfort. Mr. Crowder filed his original complaint on November 19, 1991. We ordered service held in abeyance.

Mr. Crowder's first lawyer was relieved by this court, and new counsel was appointed. Mr. Crowder's new counsel filed a two count Third Amended Complaint. Count I alleges that denying Plaintiff's request for physical therapy, denying Plaintiff the use of his wheelchair, and placing Crowder in segregated detention without a hearing constituted a violation of Plaintiff's rights under the Fifth and Eighth Amendments. Count I is directed against Defendants Page True, Lt. Earl Mayfield, and Lt. J.A. Seiman in their official and individual capacities.

Count II, leveled at Warden True, the United States, and the Bureau of Prisons, claims that the fact that the MCC is not handicap accessible violates several federal statutes including the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Architectural Barriers Act of 1968, 42 U.S.C. § 4151, and the Americans with Disabilities Act, 42 U.S.C. § 12101. Crowder seeks compensatory and punitive damages, attorneys fees and costs,

and an injunction ordering the MCC to accommodate the needs of wheel-chair bound inmates and to insure that the medical and rehabilitative needs of handicapped prisoners are met.

Defendants moved to dismiss on various grounds. First, they argued that the Constitutional claims are inadequate as a matter of law or that qualified immunity bars Crowder from proceeding on them. Further, they argued that the ADA claim is invalid because the ADA does not apply to the federal government. Finally, they argued that the Rehabilitation Act and Architectural Barriers Act claims must fail as well due to failure to exhaust administrative remedies, naming the improper parties, the unavailability of monetary damages and mootness.

We agreed with most of the Defendants' arguments and dismissed the Eighth Amendment claim, the Rehabilitation Act claim, and the Architectural Barriers Act claim without prejudice. We dismissed the ADA claim with prejudice. However, we left Mr. Crowder's due process claim stand and failed to reach the issue of immunity.

## I. *Due Process*

■ Mr. Crowder's Fifth Amendment claim, which we felt was misunderstood by both parties, essentially asked whether placement of Mr. Crowder in segregation without a hearing and without periodic review violated a liberty interest cognizable under the Due Process Clause. The Defendants simply argued, citing 28 C.F.R. § 541.22, that prison officials clearly have the authority to place an inmate in segregation, but did not even mention Crowder's allegations that he was denied a hearing. Plaintiff's counsel, on the other hand, argued that prison officials' authority is curtailed by a prisoner's disability.

We found that the Administrative Detention regulation entitles the inmate to a hearing before the Segregation Review Official every thirty days, 28 C.F.R. § 541.22(c)(1). We also found that the Defendants had failed to persuade us that § 541.22(c)(1) does not give rise to an entitlement to due process.

Defendants now argue that denial of the hearing under § 541.22 does not give rise to

a due process violation. Thus, the question before us once again is whether keeping Mr. Crowder in segregation without the hearings required by 541.22(c) violated his rights to due process of law.

The Fifth Amendment prohibits the federal government from depriving a person of life, liberty, or property without due process of law. *Caldwell v. Miller*, 790 F.2d 589, 602 (7th Cir.1986). Protected liberty interests may originate in the Constitution or in state and federal laws and binding regulations. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Caldwell*, 790 F.2d at 602. In order to determine whether a violation has occurred the analysis is two part: first, a determination must be made that a "protected liberty interest" exists; second, it is necessary to determine what process is due.

Lawfully incarcerated persons retain only a narrow range of protected liberty interests. *Hewitt*, 459 U.S. at 467, 103 S.Ct. at 869. Thus, the Supreme Court has held that administrative segregation itself does not involve a liberty interest independently protected by the Due Process Clause. *Id.* Therefore, if a protected liberty interest exists at all relative to administrative segregation, it is only through the enactment of certain statutory or regulatory measures. *Id.* at 469, 103 S.Ct. at 870.

■ The adoption of mere procedural guidelines, however, does not give rise to a protected liberty interest. *Culbert v. Young*, 834 F.2d 624, 628 (7th Cir.1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988). Rather, it is the two-part test enunciated in Hewitt that determines whether a particular statute or regulation provides a protected liberty interest. *Id.* The regulation must use "language of unmistakable mandatory character, requiring that certain procedures 'shall,' 'will' or 'must' be employed." *Hewitt*, 459 U.S. at 471–72, 103 S.Ct. at 871. In addition to mandatory language, the statute or regulation must also provide that the action in question will not occur absent "specified substantive predicates," e.g. a finding of a "need for control" or to "maintain order." *Id.; Mathews v. Fairman*, 779 F.2d 409, 413 (7th Cir.1985).

In *Hewitt,* the Supreme Court found sufficient "mandatory language" and "substantive predicates" in a Pennsylvania statute governing administrative segregation so as to provide a protected liberty interest. 459 U.S. at 471–72, 103 S.Ct. at 871.

The question of whether section 541.22(c)'s hearing requirement gives rise to a protected liberty interest is an interesting one. Several cases have addressed the issue but few, if any, have actually resolved it. Most cases on this topic involved prisoner complaints about their results of the review of their assignment in segregation rather than the lack of review itself. Thus, the question of a liberty interest in a review of segregation status under 541.22(c) is not reached because the section 541.22 requirements were complied with. *See, e.g., Moore v. Shreeve,* 986 F.2d 1428 (Table), 1993 WL 5874 (10th Cir.1993) (prisoner's status was reviewed as required by § 541.22 so no due process violation); *Cook v. Henman,* No. 90–3469, 1993 WL 100297, *1 (D.Kan. Feb. 25, 1993) (no due process violation where reviews under 541.22 performed); *Hunter v. Henman,* No. 91–3058, 1992 WL 131875, *3 (D.Kan. June 1, 1992) (prisoner received reviews under 541.-22(c)). *Vallina v. Meese,* 704 F.Supp. 769, 773–74 (E.D.Mich.1989) (prisoner received review). Typical of these case is the following result:

In this case, however, it is not necessary to decide whether the regulation governing administrative detention provides Woods with a protected liberty interest. Assuming arguendo, that Section 541.22 provides all federal prisoners with a protected liberty interest as the court found in *Hewitt,* Woods received all of the "process" which was due.

Woods v. Jenkins, No. 85 C 8917, 1989 WL 51413, *6 (N.D.Ill. May 10, 1989).

Thus, these cases are of little value to us today. However, Defendants cite *Eggleton v. Gluch,* 916 F.2d.712, 1990 WL 155316 (6th Cir.1990) (unpublished disposition) for the proposition that § 541.22 does not give rise to a liberty interest. In *Eggleton* the court found that failure to conduct proper reviews of a prisoner's status under § 541.22(c) did not constitute a due process violation. 1990 WL 155316, at *1. The basis for the court's decision was that "even assuming that the regulations were not followed, plaintiff cannot show any harm that resulted from that deviation," and thus, there was no due process violation. *Id.* at *2. *See also Awalt v. Whalen,* 809 F.Supp. 414, 415–16 (E.D.Va. 1992) (§ 541.22 does not create a due process liberty interest from detention which a hearing would protect.)

On the other hand, there is precedent for the opposite position. In *Kimberlin v. Quinlan,* 774 F.Supp. 1 (D.D.C.1991), cited by neither party, the court stated:

With regard to the procedural due process claim, the mandatory language in the Federal Bureau of Prisons regulations on administrative detention (28 C.F.R. § 541.22) grant [plaintiff] a liberty interest in remaining free from an administrative detention without compliance with these regulations.

*Kimberlin,* 774 F.Supp. at 8 (citing *Hewitt*). *See also Moore,* 1992 WL 160954 (citing *Kimberlin*).

Our review of the law indicates that *Kimberlin* is the better reasoned approach. Section 541.22(c) is literally full of mandatory language: [1]

1. Section 541.22(c)(1), in its entirety, states:

(c) Review of Inmates Housed in Administrative Detention. (1) Except as otherwise provided in paragraphs (c)(2) and (c)(3) of this section, the Segregation Review Official will review the status of inmates housed in administrative detention. The SRO shall conduct a record review within three work days of the inmate's placement in administrative detention and shall hold a hearing and formally review the status of each inmate who spends seven continuous days in administrative detention, and thereafter shall review these cases on the record (in the inmate's absence) each week, and shall hold a hearing and review these cases formally at least every 30 days. The inmate appears before the SRO at the hearing unless the inmate waives the right to appear. A waiver may be in writing, signed by the inmate, or if the inmate refuses to sign a waiver, it shall be shown by a memorandum signed by staff and witnessed by a second staff member indicating the inmate's refusal to appear at the hearing. Staff shall conduct a psychiatric or psychological assessment, including a personal interview, when administrative detention

The SRO shall conduct a record review within three work days of the inmate's placement in administrative detention and shall hold a hearing and formally review the status of each inmate who spends seven continuous days in administrative detention, and thereafter shall review these cases on the record (in the inmate's absence) each week, and shall hold a hearing and review these cases formally at least every 30 days.

28 C.F.R. § 541.22(c)(2). This is the type of mandatory language that restricts the discretion of prisoner officials to place inmates in segregation and thus, the type of language that gives rise to a liberty interest.

Our case is considerably different from *Eggleton,* where the court relied on the fact that the prisoner could show no harm from the violation of § 541.22. Here, Mr. Crowder has alleged significant physical injury as a result of his continued confinement in segregation without review of his physical well-being and without necessary hygiene. On this point, we must agree with the court in *Vallina,* which rejected a claim of a liberty interest in release from segregation but found that the purpose of the review requirement of § 541.22 was to review the "mental and physical well-being of the prisoner," rather than the propriety of his segregation. *Vallina,* 704 F.Supp. at 774.

Mr. Crowder alleges that he was denied that review and that he has suffered physical injuries because of that denial.[2] These allegations are sufficient to state a claim for violation of a liberty interest cognizable under the Due Process Clause. The Defen-

dants' motion for reconsideration of our finding on this issue is denied.

## II. *Qualified Immunity*

■ However, our finding that Mr. Crowder states a claim for a due process violation is nugatory. Our review of the law indicates that all the defendants are immune from liability on this issue. Public officials are immune from liability unless they violate the "clearly established" constitutional rights of the plaintiff. *See, e.g., Knox v. McGinnis,* 998 F.2d 1405, 1409 (7th Cir.1993) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). *See also Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Sherman v. Four County Counseling Ctr.,* 987 F.2d 397, 401 (7th Cir.1993); *Warlick v. Cross,* 969 F.2d 303, 309 (7th Cir. 1992); *Williams v. Anderson,* 959 F.2d 1411, 1414 (7th Cir.1992); *Harms v. Godinez,* 829 F.Supp. 259, 264 (N.D.Ill.1993) (Plunkett, J.); *Wilson v. Formigoni,* 832 F.Supp. 1152, 1158 (N.D.Ill.1993) (Plunkett, J.).

It cannot be argued that Mr. Crowder's constitutional, rather than administrative, right to a hearing to review his segregation status was "clearly established." To the contrary, there is a conflict among the courts and thus, considerable doubt that such a right exists at the constitutional level. *Cf. Eggleton,* 1990 WL 155316, at *1; *Awalt,* 809 F.Supp. at 415–16, *with Kimberlin,* 774 F.Supp. at 8.

## Conclusion

The Defendants' Motion for Reconsideration or Clarification is granted in part and

---

continues beyond 30 days. The assessment, submitted to the SRO in a written report, shall address the inmate's adjustment to surroundings and the threat the inmate poses to self, staff and other inmates. Staff shall conduct a similar psychiatric or psychological assessment and report at subsequent one-month intervals should detention continue for this extended period. Administrative detention is to be used only for short periods of time except where an inmate needs long-term protection (see s 541.-23), or where there are exceptional circumstances, ordinarily tied to security or complex investigative concerns. An inmate may be kept in administrative detention for longer term protection only if the need for such pro-

tection is documented by the SRO. Provided institutional security is not compromised, the inmate shall receive at each formal review a written copy of the SRO's decision and the basis for this finding. The SRO shall release an inmate from administrative detention when reasons for placement cease to exist. 28 C.F.R. § 541.22(c)(1).

2. Further, to the extent that *Awalt* can be read to hold that § 541.22 does not give rise to a liberty interest to review of segregation status, we simply exercise our prerogative to respectfully disagree.

denied in part. The Defendants' motion for reconsideration is denied. Our finding that § 541.22(c) gives rise to a liberty interest in freedom from segregation absent certain procedural measures and that Mr. Crowder stated a claim for a due process violation stands. However, that finding is rendered moot because the motion for clarification is granted and we find that qualified immunity bars the Plaintiff from proceeding on that theory. Our failure to reach the issue of qualified immunity in our earlier opinion was an error. We correct it now, and dismiss Mr. Crowder's remaining claim.