**Luther Roger BARTRUG, Plaintiff,**

v.

**Robert RUBIN, Secretary of the Treasury, Internal Revenue Service of Puerto Rico, Trust # 62, Richard L. Williams, Loretta C. Argrett, Edward J. Snyder, Robert W. Jaspen, Helen Fahey, James J. Wilkinson, T. Keith Fogg, Roger K. Buyers, and Unknown Parties 1–60, Defendants.**

**No. CIV. A. 3:97CV98.**

United States District Court,
E.D. Virginia,
Richmond Division.

April 25, 1997.

Luther Roger Bartrug, Mechanicsville, VA, pro se.

Debra Jean Prillaman, Office of U.S. Atty, Richmond, VA, for Defendants.

## MEMORANDUM OPINION

SPENCER, District Judge.

THIS MATTER is before the Court on a motion to dismiss filed by defendants, Robert Rubin, Secretary of the Treasury, the United States Internal Revenue Service,[1] Richard L. Williams, Loretta C. Argrett, Edward J. Snyder, Robert W. Jaspen, Helen F. Fahey, James J. Wilkinson, T. Keith Fogg, and Roger K. Burgess.[2] For the reasons stated herein, defendants' motion will be GRANTED.

---

**1.** Defendants' counsel interprets plaintiff's use of the party name "Internal Revenue Service of Puerto Rico, Trust # 62" to refer to the United States Internal Revenue Service ("IRS"), and the Court will adopt this interpretation.

**2.** Plaintiff named "Roger K. Buyers" as a defendant in his complaint. In a "Notice of Clerical Error Misnomer of Defendant" filed on March 10, 1997, plaintiff stated that "wherever Roger K. Buyers appears in the complaint shall be known to be Roger K. Burgess."

## BACKGROUND

Plaintiff Luther Roger Bartrug, *pro se,* filed this action against defendants who are alleged to have been connected with a prior civil action in this court, *United States of America v. Luther R. Bartrug, et al.,* CA No. 3:95CV769, heard by Senior District Judge Richard L. Williams. In that case, the United States sought judgment against plaintiff for tax liabilities relating to 1982, 1983, and 1987, and to foreclose preexisting federal tax liens against certain real property. On November 25, 1996, the court entered an Order of Judgment by Default, on application of the United States, in the amount of $76,722.20, for income tax liabilities, and subjecting certain real property to foreclosure to satisfy the tax liens.

On February 7, 1997, plaintiff filed the instant "Complaint for Fraud Pursuant to F.R.C.P. 9(b), and 12(b), Title 42 U.S.C." Plaintiff's "prolix, abstruse Complaint" has equally verbose attachments which are difficult to understand. A sub-heading of the Complaint states the following: "This Complaint is filed under the American flag of peace of the united [sic] States of America. No flags of war will be accepted in this Case Incorporation." Apparently, the distinction between the "American War Flag" and the "American Flag of Peace" is central to plaintiff's allegations against defendants in this action.

The following allegation is made against defendant Robert Rubin and various other defendants in plaintiff's Complaint:

> The injured Party herein accuses RUBIN, pursuant to Title 42 U.S .C.A. § 1986, having superior knowledge of the law having taken an Oath and Affirmation to support and defend the Constitution for the united [sic] States of America and the Constitution for the Commonwealth of Virginia, witnessed himself recommending, or neglecting, or failing to prevent or correct, the signing of the complaints filed in the U.S. District Court under Case No. 3:95CV769 as described herein, under the American War Flag, without a cause under the American Flag of Peace, in violation of the Constitution for the united [sic] States of America (1787), Bill of Rights, Articles

XIV, due process and equal protection of the law, cause filed in a venue other than that in which the alleged crime was committed, See: paragraph 1 herein, and Article V, due process of law.

Plaintiff makes similar allegations against other named defendants for having allegedly permitted a complaint to be filed against him in this Court or for causing this Court to issue Orders "under the American War Flag, without a cause under the American Flag of Peace." Similarly, plaintiff's complaint against Judge Richard L. Williams is for allegedly having entered Orders under an allegedly improper flag. Additionally, plaintiff alleges that each of the defendants operated under a "Fictitious Name" in Civil Action No. 3:95CV769.

Further, plaintiff alleges that defendants have wrongfully deprived him of certain unspecified rights under the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. As relief, plaintiff asks for a judgment of $21,000,000.00 in ordinary damages, as well as $3,000,000.00 per Count for "exemplary" damages.

On March 19, 1997, after receiving an extension of time within which to respond to plaintiff's Complaint, defendants filed a motion to dismiss for failure to state a claim and based on qualified immunity. Plaintiff's only response to the motion to dismiss is a nonsensical pleading titled "Refusal for Fraud Pursuant to F.R.C.P. 12(b)(6), F.R.C.P. 9(b)."

## ANALYSIS

### Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a claim on the grounds of failure to state claim upon which relief can be granted. When considering such a motion, the Court must presume that all factual allegations in the complaint are true. *Martin Marietta v. International Telecommunications Satellite Org.,* 991 F.2d 94, 97 (4th Cir.1992). All reasonable inferences must be construed in the light most favorable to the non-moving party. *Id.* The Court should not dismiss any claim unless it appears beyond a doubt that the plaintiff could not recover under any set of

facts which could be proven. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir.1995).

### Failure to State a Claim

 A cause of action for money damages based on alleged unconstitutional conduct may be maintained against federal officials. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389–90, 91 S.Ct. 1999, 2001–02, 29 L.Ed.2d 619 (1971). This is precisely what plaintiff's complaint appears to allege. Thus, the Court construes plaintiff's suit as a *Bivens* action.[3]

 In *Bivens* actions, the Fourth Circuit has adopted a "heightened pleading standard." *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 764 (4th Cir.1990). Specifically, "complaints against federal officials for constitutional tort causes of action must clearly set forth such facts that will show the existence of the clearly established constitutional right and what the defendants did to violate it— 'who did what to whom and why.'" *Awalt v. Whalen*, 809 F.Supp. 414, 416 (E.D.Va.1992) (citation omitted).

 In his Complaint, plaintiff only alleges, in a conclusory fashion, that his rights under the First, Fifth, Sixth and Fourteenth Amendments have been violated, but he does not allege how. Additionally, plaintiff alleges, in a similarly truncated manner, that the defendants acted "under the American War Flag" or "using a Fictitious Name." However, there are no facts alleged which establish that these acts are violative of a "clearly established constitutional right." Therefore, plaintiff's Complaint fails to meet the heightened pleading standard required by the Fourth Circuit in this type of case, and must be dismissed.

**3.** To the extent that plaintiff brings this action pursuant to 42 U.S.C. § 1986, it must be dismissed. Section 1986 creates a cause of action for knowing failure to prevent wrongful acts pursuant to a conspiracy to interfere with civil rights, as described in 42 U.S.C. § 1985. Where a plaintiff has stated no cause of action under

### Qualified Immunity

 This action must fail for other reasons as well. Any remedy under *Bivens* is necessarily brought against federal officials in their individual capacities. *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1085, 137 L.Ed.2d 219 (1997). And, as defendants point out, officers sued in their individual capacities are entitled to qualified immunity. The doctrine of qualified immunity shields public officials from civil liability as long as their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *ACLU of Maryland v. Wicomico County, MD.*, 999 F.2d 780, 784 (4th Cir. 1993) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The existence of qualified immunity generally turns on the objective legal reasonableness of the actions without regard to the knowledge or subjective intent of the particular official. *Id.* (citations omitted). If the plaintiff's allegations fail to establish a constitutional claim, the defendant is entitled to dismissal on the basis of qualified immunity or under Rule 12(b)(6). *Id.*

As stated in the section above, the plaintiff has failed to establish a constitutional violation. Therefore, all defendants sued in their individual capacities are entitled to qualified immunity from this suit.

### Judicial Immunity

 Suits arising out of any "judicial" act performed by a judge are barred by the doctrine of judicial immunity. *Forrester v. White*, 484 U.S. 219, 225–28, 108 S.Ct. 538, 543–45, 98 L.Ed.2d 555 (1988). A judge is only subject to liability when he acts "in clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). Judge Williams had jurisdiction, pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403, to adjudicate the govern-

§ 1985, no cause of action exists under § 1986. *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir.1990). Plaintiff mentions § 1986 in his Complaint, but does not alleged any action under § 1985. Therefore, insofar as plaintiff brings any claims pursuant to § 1986, those claims are dismissed.

ment's complaint seeking judgment against plaintiff for the tax assessments of the Internal Revenue Service in Civil Action No. 3:95CV769. And he was acting in his judicial capacity. Hence, Judge Williams is absolutely immune from the instant civil suit.

### Sovereign Immunity

In addition to his claims against individuals, plaintiff brings suit against the "Internal Revenue Service of Puerto Rico, Trust # 62." The Court construes plaintiff's Complaint to be against the Internal Revenue Service ("IRS"), seeking monetary damages for constitutional torts. Put more succinctly, plaintiff brings these *Bivens* claims against the sovereign United States.

It is well settled that the United States may not be sued without its consent and that the existence of consent is necessary for jurisdiction to exist. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). And any waiver of sovereign immunity must be unequivocally expressed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). The Court notes that the government has not waived immunity in this case. Moreover, and more importantly, the Supreme Court has held that there is no *Bivens* remedy directly against a federal agency. *F.D.I.C. v. Meyer,* 510 U.S. 471, 484–85, 114 S.Ct. 996, 1005–06, 127 L.Ed.2d 308 (1994). Thus, this action must be dismissed as to the Internal Revenue Service of Puerto Rico, Trust # 62.

### SUMMARY

In sum, the Court dismisses this action as to all defendants for failure to state a claim. Additionally, as to defendants Rubin, Argrett, Snyder, Jaspen, Fahey, Wilkinson, Fogg and Buyers (Burgess) this action is dismissed based on qualified immunity. Further, this action is dismissed as to Judge Williams based on judicial immunity. Finally, the Court dismisses this action as to the Internal Revenue Service of Puerto Rico, Trust # 62 based on lack of jurisdiction over a sovereign. Accordingly, defendants' motion is GRANTED and this case is hereby DISMISSED.

An appropriate order shall issue.