BAJDEK v. TOREN.

1. TRIAL—MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT—
   EVIDENCE—SCOPE OF EMPLOYMENT—QUESTION FOR JURY.

   Plaintiff requesting a judgment notwithstanding the verdict
   is bound by the testimony most favorable to defendant; thus,
   where defendant employee of photographic studio testified that
   he was all through work and on his way home from taking
   pictures at a wedding reception when he had an accident, the
   issue as to whether the employee was acting within the scope
   of his employment when the accident occurred was a ques-
   tion of fact properly submitted to the jury.

2. APPEAL AND ERROR—REQUESTED INSTRUCTIONS—SCOPE OF EM-
   PLOYMENT—DUAL PURPOSE CONCEPT.

   Plaintiff's cross-appeal claiming error in the trial court's failure
   to give requested instructions that an employee may be within
   the scope of employment even though he is doing something
   to serve his own purpose is without merit where a full and
   fair set of instructions were given which explained the mean-
   ing of scope of employment in the situation involved.

Appeal from Court of Appeals, Division 3, Fitz-
gerald, P. J., and Holbrook and Burns, JJ., revers-
ing and remanding Kent, Searl (Fred N.), J. Sub-
mitted December 4, 1968. (Calendar No. 23, Docket
No. 51,976.) Decided August 4, 1969.

9 Mich App 507, reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 340.
   35 Am Jur, Master and Servant §§ 552–556.
[2] 5 Am Jur 2d, Appeal and Error § 810.

Complaint for wrongful death by Jerome A. Bajdek, administrator of the estate of Judith E. Bajdek, against Kenneth L. Toren and Douglas, Harold, and Marie Lathrop. Verdict and judgment against Douglas, Harold, and Marie Lathrop. Verdict and judgment of no cause of action against Toren. Plaintiffs appealed to the Court of Appeals. Reversed and remanded. Defendant Toren appeals. Reversed and judgment ordered entered on verdict.

*Hillman, Baxter & Hammond,* for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer,* for defendant Toren.

DETHMERS, J. Is it a question of fact or law? That is the issue in this case. The circuit court, in leaving it to the jury and later denying plaintiff's motion for judgment *non obstante veredicto,* held it to be a question of fact. The Court of Appeals, in reversing the trial court, held it to be a question of law.

What was this question? A brief recital of the facts of the case is necessary to the answer.

This is an action under the wrongful death act[1] brought by the administrator of decedent's estate. On Sunday, August 16, 1964, decedent was a passenger in an automobile which was struck at or about 12:18 a. m. by another automobile driven by defendant Douglas Lathrop and owned by his parents, defendants Harold Lathrop and Marie Lathrop. Plaintiff seeks to attach liability also to defendant Toren under the doctrine of *respondeat superior* by reason of his employment of defendant Douglas Lathrop. Was the latter, at the time of the collision, acting within the scope of his employ-

---

[1] CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).

ment by Toren? That is the question which plaintiff says is one of law. Defendant Toren says it is one of fact.

Submitted to the jury, it found for plaintiff in the amount of $30,000 against defendants Lathrop and returned a verdict of no cause of action as against defendant Toren. The latter was reversed by the Court of Appeals on plaintiff's appeal. From that reversal the case is now here on leave granted to defendant Toren. 381 Mich 752. Defendants Lathrop have not participated in the appeals and have made a settlement with plaintiff since trial.

Douglas Lathrop was an employee of Toren in the photography business. His job was taking pictures in Toren's studio in the daytime, working at an hourly wage. On Saturday evening, August 15, 1964, as a part of his job, he was to take pictures at a wedding and reception. Late that afternoon he placed a camera and film belonging to Toren in his car and went to the church where the wedding was to occur. He took a number of pictures there and then proceeded to a reception hall where he took several more. He remained there until 11:50 p. m. and, having completed the taking of pictures, he then placed camera, film, and equipment of Toren in his car and started for home. It was his intent, as he was authorized by Toren to do, to take the mentioned items home with him and to return them to Toren's studio on Sunday or on his next working day, Monday, August 17th.

Plaintiff points to testimony of Douglas Lathrop that within 1 hour after use it would have been necessary for him to refrigerate the exposed film and electrically charge part of the equipment. As stated in plaintiff's brief, however, there was other evidence that this was not necessary and testimony of Toren could be taken to mean that. Of course,

it was incumbent upon Douglas to return Toren's property to him or his studio ultimately. To these facts plaintiff points as establishing as a matter of law that Douglas, while on his way home and when the accident occurred, was acting within the scope of his employment. Defendant Toren, on the other hand, contends that this is a simple case of an employee being on his way home from work. The trial court held, correctly we think, that this presented a question of fact for the jury which held for Toren.

Plaintiff's reliance for the proposition that Douglas Lathrop was still within the scope of his employment at the time of the accident rests on Douglas's testimony. Yet, he also testified that he was at the time "all through work", "was on his own", "was going home from a job". In asking a judgment *non obstante veredicto* against Toren, plaintiff was bound by the light of the testimony most favorable to Toren. *Detroit & Milwaukee R. Company* v. *Van Steinburg* (1868), 17 Mich 99; *Davis* v. *New York Central R. Company* (1957), 348 Mich 262; *Dismukes* v. *Michigan Express, Inc.* (1962), 368 Mich 197. From Douglas Lathrop's testimony, a jury might find either way on the scope of employment question. It was, therefore, a question of fact properly submitted to the jury.

Plaintiff has taken a cross-appeal on a matter not passed on by the Court of Appeals, claiming error in the court's failure to give requested instructions. These went largely to the dual purpose concept; that is, that an employee may be within the scope of his employment even though, at the same time, he is doing something to serve a purpose of his own. While the exact language of plaintiff's request was not given, a full and fair set of instructions was given explaining the meaning of scope of employ-

ment in the situation here involved. That is suf-ficient. *Huffman* v. *First Baptist Church of Flush-ing* (1959), 355 Mich 437; *Hautala* v. *Cochran* (1939), 289 Mich 409; *Graham* v. *United Trucking Service, Inc.* (1950), 327 Mich 694.

Decision of the Court of Appeals is reversed. The cause is remanded to circuit court for entry of judgment in accord with the jury verdict. Costs to defendant Toren.

T. E. BRENNAN, C. J., and KELLY, BLACK, T. M. KAVANAGH and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., took no part in the decision of this case.