**Gerald L. BRUMLEY, Appellant,**

v.

**The U.S. DEPARTMENT OF LABOR, Appellee.**

No. 85–1328.

United States Court of Appeals, Eighth Circuit.

Submitted June 7, 1985.

Decided July 5, 1985.

Gerald L. Brumley, pro se.

Sofia P. Petters, Dept. of Labor, Washington, D.C., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Gerald L. Brumley appeals from an order of the district court[1] dismissing a suit for injunctive relief he had brought against the Department of Labor under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1982). Brumley seeks through this lawsuit to obtain access to certain Department of Labor records which the Department has thus far refused to provide him. The district court dismissed the suit without prejudice because of Brumley's failure to appeal the agency's adverse decision to the Solicitor of Labor, as would have been permitted under 29 C.F.R. § 70.50 (1984). We affirm.

■ Brumley first contends that exhaustion of administrative avenues of appeal is not a prerequisite to suit under FOIA. We disagree. *See Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir.1979) (per curiam); *cf. Stauffer Chemical Co. v. Food and Drug Administration,* 670 F.2d 106 (9th Cir.1982).

■ Brumley next contends that exhaustion was waived in his case under 5 U.S.C. § 552(a)(6)(C). The latter provision states that an administrative agency that fails to comply with statutory time limits applicable to processing of FOIA requests will be deemed to have waived any exhaustion requirement. *See id.* The time period established by FOIA for responding to requests for records is ten working days. 5 U.S.C. § 552(a)(6)(A)(i). The evidence presented by the parties here tended to show that the Department's denial of Brumley's request was sent on the eleventh or twelfth working day after the Department's initial receipt of the request.

■ Brumley's waiver argument must fail also. Upon receiving Brumley's request for records, the Department sent him a notice that the request was being forwarded to a specified office within the Department and that a short delay should be expected therefore before the ten working day response period would begin running. This re-routing of the request was necessary because Brumley apparently had not known which component office of the Department had custody of the records he sought. The Act requires agencies to promulgate rules regarding procedures to be followed by persons requesting records, 5 U.S.C. § 552(a)(2), (a)(3); prompt response by an agency is required when "any request ... *is made in accordance with*" such rules. 5 U.S.C. § 552(a)(3) (emphasis added). As the district court noted, departmental regulations applicable to Brumley's request indicate requests for a record should be sent to the "agency of the Department of Labor ... which has custody of the record." 29 C.F.R. § 70.42(a). Regulations in addition (1) provide an address to which persons may write to determine which offices have custody of records in question, 29 C.F.R. § 70.35(b); and (2) require expedited routing of a request where, as here, the request itself is not addressed initially to the custodial office. 29 C.F.R. § 70.47(b). Brumley does not challenge the validity of these regulations. In these circumstances, and considering that the Department's response to the request was sent on the eleventh or twelfth working day after the Department's initial receipt of the request, we cannot say the district court erred in determining the Department had complied with FOIA's response time provisions. *Cf. Marks v. United States,* 578 F.2d 261, 263 (9th Cir.1978) (FOIA provision that request reasonably describe records sought relates not only to subject matter but also to place of search).

The district court's decision is affirmed.

---

**1.** The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas.