George G. **RALLIS**, Plaintiff,

v.

**M.P.W. STONE, Secretary of the Army, and Named Supervisor/Management Officials of the Army, Defendants.**

No. 92–CV–74784.

United States District Court, E.D. Michigan, S.D.

March 26, 1993.

**468**

George G. Rallis, in pro. per.

Francis L. Zebot, Asst. U.S. Atty., Detroit, MI, for defendants.

## OPINION AND ORDER

FEIKENS, District Judge.

### Background

Plaintiff George G. Rallis, who is proceeding in propria persona, sues M.P.W. Stone in his official capacity as Secretary of the Army in order to obtain information authorized by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff also sues various high-ranking supervisory officials at the U.S. Army Tank Automotive Command ("TACOM") in Warren, Macomb County, Michi-

gan. Those individuals are: Norm Gebhardt, Lynda Latson, Prince Young, Jr., and Henry B. Jones. Plaintiff alleges these individuals have committed constitutional torts against him. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). Specifically, plaintiff claims these individuals have committed due process violations against him involving "age harassment" in violation of the Fifth Amendment to the U.S. Constitution.[1] Plaintiff also asserts a common law tort claim of intentional infliction of emotional distress against these four individuals. Plaintiff is an employee of the U.S. Army; he is an industrial specialist at TACOM. Plaintiff has been employed as a civilian for the U.S. Department of Defense for 30 years. On July 1, 1992, plaintiff received a performance evaluation from the Army which rated his performance as unacceptable and unsatisfactory. Plaintiff sent an FOIA request, dated July 15, 1992, to the Army to obtain material regarding his negative evaluation. In Count I of his Complaint, plaintiff claims the Army has not complied with this request.

In Count II, plaintiff claims that the unsatisfactory evaluation he received was motivated by "age harassment" on the part of defendants Gebhardt, Latson, Young, and Jones in violation of his Fifth Amendment due process rights. Further, plaintiff claims that government courses, which were previously elective, have now become mandatory for him solely because of his advancing age. He is 64 years old.

In Count III, plaintiff claims that TACOM officials identify certain courses, denied him access to them, and then made the courses mandatory, thereby causing him mental distress. Plaintiff says this is an intentional infliction of emotional distress by defendants Gebhardt, Latson, Young, and Jones.

Before me is defendants' motion to dismiss or grant summary judgment, plaintiff's motion to grant summary judgment and deny

---

1. In relevant part, the Fifth Amendment states: "No person shall be ... deprived of life, liberty, or property, without due process of law."

defendant's motion to dismiss, and plaintiff motion for order to dismiss a certificate of scope of employment by defendants. For the reasons explained below, I grant defendants' motion and deny plaintiff's motions.

*Analysis*

### I. *FOIA request*

■ Plaintiff's FOIA claim for disclosure of agency (*i.e.,* Army) records must be dismissed because an improper party defendant is being sued and because of a failure to exhaust administrative remedies. The proper party defendant in an FOIA action is the agency allegedly withholding the documents sought. 5 U.S.C. § 552(a)(4)(B) says that "On complaint, the district court ... has jurisdiction to enjoin *the agency* from withholding agency records and to order the production of any agency records improperly withheld from the complainant." (Emphasis added).

■ If the agency fails to comply with the applicable time limit provisions (10 business days under section 552(a)(6)(A)(i)), then the requester is deemed to have exhausted his administrative remedies with respect to such request (*i.e.,* the defendant cannot raise the defense of plaintiff's failure to exhaust administrative remedies). 5 U.S.C. § 552(a)(6)(C). However, where a government agency sends an interim letter to the requester suggesting delay in processing his FOIA request and where the delay beyond the statutory period of ten business days was brief, the defense of failure to exhaust administrative remedies is not waived by the agency (under section 552(a)(6)(C)). *Brumley v. U.S. Dept. of Labor,* 767 F.2d 444 (8th Cir.1985).

In the case at hand, defendants contend that the agency fully complied with plaintiff's FOIA requests by mailing him documents on August 20, 1992. Defendants support their contention with attachments and affidavits. Specifically, defendants have provided affidavits of Norman L. Gebhardt, Betty J. Baxter, and Linda K. Slusser, all high-ranking employees at TACOM to support their argument that plaintiff's FOIA request was satisfied with the mailing of documents to him on August 20, 1992. Nonetheless, plaintiff insists the agency has not complied with his FOIA request. Plaintiff offers no attachments, affidavits, or any sort of evidence whatsoever to support his contention.

■ "[T]he burden of proof is on the plaintiff to produce evidence showing the existence of a genuine issue of material fact—the plaintiff cannot rely on conclusory allegations." *Ryan v. General Motors Corp.,* 929 F.2d 1105, 1109 (6th Cir.1989). Once the party moving for summary judgment has satisfied its burden of pointing out to the court that there is no evidence to support the nonmoving party's case, "the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue." *Fix v. Unisys Corp.,* 782 F.Supp. 343, 345 (E.D.Mich.1992). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Because the plaintiff is relying on conclusory allegations in the light of defendants' compelling evidence, plaintiff's FOIA claim must fail.

Thus, although the agency did not comply with plaintiff's request of information within 10 business days, plaintiff was sent an interim letter, the delay in satisfying plaintiff's request was brief, and plaintiff does not allege exhausting his administrative remedies. Accordingly, defendants are entitled to summary judgment on the FOIA claim.

### II. *Constitutional Tort—Due Process Violation*

Initially, I note that defendants Gebhardt, Latson, Young, and Jones say they should be dismissed for lack of personal jurisdiction because of the absence of any service of process on them personally. While this may be true, plaintiff could simply properly serve these defendants. Thus, I will decide this issue on other grounds as well.

■ Defendants Gebhardt, Latson, Young, and Jones say plaintiff has failed to plead specific allegations against them. A plaintiff who claims a constitutional violation and seeks damages from government agents

in their individual capacities must plead the personal involvement of each defendant with specificity and with sufficient facts to overcome a likely defense of immunity. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986). A pro se plaintiff attempting to present a civil rights case against individual government officials must be able to present material facts, with particularity, on which he contends he can establish a right to recovery, and the pro se plaintiff must show why the official cannot cling to the immunity defense. *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir.1985). Defendants contend that plaintiff has failed to allege such specificity; for example, plaintiff continually refers to the vague "defendant" while he purports to sue four individuals with this claim. I agree with defendants' insufficient pleading argument.

■ Even if plaintiff corrects the deficiencies, he still fails to state a claim upon which relief can be granted. *Bivens* actions (*i.e.*, constitutional torts) by federal employees against their supervisors concerning alleged job-related constitutional violations are not allowed. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). This is particularly true where there is an employment relationship which is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States. In the case at hand, plaintiff has not filed any administrative tort claim with the agency.

■ Further, defendants Gebhardt, Latson, Young and Jones have qualified immunity against plaintiff's claims. "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Qualified immunity is a question of law for the court to decide. *Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir.1988). Once a defendant raises the defense of qualified immunity, then a plaintiff must come forward with facts to demonstrate that the constitutional rights allegedly violated were so clearly established that "any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct." *Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir.1987).

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.... [I]n the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

■ A district court must determine the existence of a clearly established constitutional right by reference to case law, particularly appellate case law. *Masters v. Crouch*, 872 F.2d 1248, 1251 (6th Cir.), *cert. denied*, 493 U.S. 977, 110 S.Ct. 503, 107 L.Ed.2d 506 (1989).

■ Plaintiff has failed to point to the violation of any rights, as enunciated in court precedent. Plaintiff simply says his unsatisfactory evaluation and the mandatory class requirement were pretexts for "age harassment." As with plaintiff's FOIA claim, plaintiff has not produced any affidavits, attachments, or any supporting evidence whatsoever. Conclusory allegations are not enough. *Ryan, supra.* Plaintiff's failure to define what "age harassment" is, plaintiff's failure to prove there is a constitutional right to be free of "age harassment", and plaintiff's failure to support such an alleged violation with any evidence must mean that plaintiff's constitutional tort claim fails. Plaintiff has failed to show why defendants are not worthy of qualified immunity, and plaintiff's complete reliance on conclusory allegations means a lack of showing of genuine material facts for trial.

### III. Common Law Tort—Intentional Infliction of Emotional Distress

■ Plaintiff alleges this tort against defendants Gebhardt, Latson, Young, and Jones. The Federal Employees Liability Reform and Tort Compensation Act (a.k.a. Westfall Act), 28 U.S.C. § 2679, provides for the substitution of the United States as the proper defendant in an action where an em-

ployee of the government is sued for monetary damages arising from common law tort allegedly committed by the employee acting within the scope of his employment. *Arbour v. Jenkins,* 903 F.2d 416, 419 (6th Cir.1990).

When the U.S. Attorney General or his/her designee certifies that the employee's actions were within the scope of his/her employment, the suit shall be deemed an action against the United States under the Federal Tort Claims Act, and the United States shall be substituted as a party defendant. 28 U.S.C. § 2679(d)(1). In the case at hand, a designee of the Attorney General has certified that defendants Gebhardt, Latson, Young, and Jones were acting within the scope of their employment as employees of the federal government in connection ·with the incident underlying this lawsuit. *See Certificate of Employment.*

 Plaintiff argues that the defendants were acting outside the scope of their employment. He correctly notes that the certificate of scope of employment is entitled to judicial review. *Arbour,* 903 F.2d at 421. The issue of scope of employment for purposes of the Westfall Act must be determined in accordance with the law of the state where the incident occurred. *Id.* at 421. Under Michigan law, an employee may be acting within the scope of employment even though he or she is doing something to serve a purpose of his/her own. *Id.* at 422; *Bajdek v. Toren,* 382 Mich. 151, 169 N.W.2d 306 (1969). The issue of scope of employment is one of law for the court to decide. *Arbour,* 903 F.2d at 422. I now decide the issue of scope of employment.

A generous reading of plaintiff's Count III, as well as the rest of his Complaint, alleges that defendants made certain courses mandatory because they were aware of plaintiff's advancing age and intended to cause him emotional distress. Because such activity was outside the scope of their employment, the defendants are proper party defendants and can be held liable, according to plaintiff. Further, plaintiff claims the reason why he received an unsatisfactory performance was because defendants changed his job standards during the middle of an·appraisal period, without his knowledge, in violation of 5 U.S.C. § 4302.[2] Supposedly, defendants' motive in violating section 4302 was to harass plaintiff based on his age and to cause him emotional distress.

In terms of the mandatory classes, defendants say that the Army Civilian Career Evaluation System ("ACCES") is a referral program for employees seeking consideration for promotion, reassignment, or a change to a lower grade in positions within the contracting and acquisition career program of the Department of Defense. In order to be eligible for future referrals under the ACCES program, there are certain mandatory courses that an employee registered in that program must complete. According to defendants, Rallis is not registered with the ACCES program, ·and he is not required to complete any mandatory courses under the ACCES program. Defendants say plaintiff's failure to attend training courses did not contribute to his unsatisfactory performance. Defendants support these propositions with

---

2. In relevant part, 5 U.S.C. § 4302 provides:
 (a) Each agency shall develop one or more performance appraisal systems which—
 (1) provide for periodic appraisals of job performance of employees;
 (2) encourage employee participation in establishing performance standards; and
 (3) use the results of performance appraisals as a basis for training, rewarding, reassigning, promoting, reducing in grade, retaining, and removing employees;
 (b) Under regulations which the Office of Personnel Management shall prescribe, each performance appraisal system shall provide for—

 (2) as soon as practicable, but not later than October 1, 1981, with respect to initial appraisal

periods, and thereafter at the beginning of each following appraisal period, communicating to each employee the performance standards and the critical elements of the employee's position;
 (3) evaluating each employee during the appraisal period on such standards;

 (6) reassigning, reducing in grade, or removing employees who continue to have unacceptable performance but only after an opportunity to demonstrate acceptable performance.

affidavits and attachments. Plaintiff merely says he is required to take such classes, but defendants have prevented him from doing so: As stated above, plaintiff's conclusory allegations are not enough to survive defendants' motion. *Ryan, supra.*[3]

In terms of the changing of plaintiff's job standards, defendants rely on an affidavit and supporting attachments to contend that his job standards were not changed from 1991 to 1992.

 Even if defendants suddenly made the courses mandatory for plaintiff and even if defendants changed his job requirements in violation of section 4302, to be liable for this common law tort of intentional infliction of emotional distress, plaintiff still must show defendants were acting outside the scope of their employment. It is the responsibility of management to evaluate an employee's conduct and to assert corrective action for breach of expected behavioral practice in the form of closer supervision, counseling, on-the-job training, and personal example. *See Supervisory Personnel Management Manual,* Chapter 18, Part 18–7. In a situation where an employee is deviating from job performance standards, supervision directed at improving the desired performance falls within the scope of employment because it is inevitable in the employment relationship. *In the Matter of the Compensation of Daniel Leary v. Pacific Northwest Bell,* 60 Or.App. 459, 463, 653 P.2d 1293, 1296 (1982). A written memorandum evidencing performance evaluation is within the scope of a supervisor's authority. *Yakowicz v. McDermott,* 120 Pa.Commw. 479, 548 A.2d 1330 (1988).

 Although not conclusive, the Attorney General's or a designee's scope of employment certification shifts the burden to plaintiff to show that defendants were acting outside the scope of their employment. *Mallekoote v. Marsh,* No. 1:89–CV–788, 1991 WL 502985, at * 5, 1991 U.S.Dist. LEXIS 19689, at * 12 (W.D.Mich. Sept. 27, 1991) (Bell, J.). As stated throughout this opinion, plaintiff

has not produced any evidence to support his claims. His conclusory allegations are not enough to survive defendants' motion to dismiss or grant summary judgment. *Ryan, supra.* Plaintiff has failed to meet his burden of showing that defendants were acting outside the scope of their employment.

Accordingly, I find that defendants Gebhardt, Latson, Young, and Jones were acting within the scope of their employment. Under the Westfall Act, the United States is to be substituted as a proper party defendant. However, because of plaintiff's failure to file any administrative tort claim, the United States must be dismissed for lack of a jurisdictional prerequisite to a Federal Tort Claims Act claim. *Garrett v. United States,* 640 F.2d 24, 26 (6th Cir.1981); 28 U.S.C. § 2675(a).

### Conclusion

In sum, then, defendants' motion to dismiss or grant summary judgment is hereby GRANTED, plaintiff's motion to grant summary judgment and deny defendant's motion to dismiss is hereby DENIED, plaintiff's motion for order to dismiss defendant pleading filed December 21, 1992 of defendant's renewed motion is hereby DENIED, and plaintiff motion for order to dismiss a certificate of scope of employment by defendants is hereby DENIED.

IT IS SO ORDERED.

---

**3.** This discussion regarding the "mandatory" courses is another relevant reason as to why Count II should be dismissed.