Lee Max BARNETT, a/k/a Eric Conrad Walther, Plaintiff,

v.

Jimmy MOON and Does #1–6, Defendants.

No. 89–CV–262.

United States District Court, N.D. New York.

March 3, 1994.

---

Office of Elana C. Vaida, Albany, NY (Elana Vaida, of counsel), for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y., Albany, NY (David Fruchter, Asst. Atty. Gen., of counsel), for defendant.

Daniel E. Lungren, Atty. Gen., State of Cal. (James M. Humes, Deputy Atty. Gen., of counsel), for movant, California Dept. of Corrections.

## MEMORANDUM—DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff, Lee Max Barnett, brought this action pursuant to 42 U.S.C. § 1983 in the Northern District of California. In an order dated March 1, 1989, the Honorable Charles A. Legge, United States District Judge for the Northern District of California, transferred plaintiff's complaint to this district. Plaintiff was granted leave to proceed in forma pauperis on April 8, 1989, and Ms. Vaida has been appointed to serve as plaintiff's counsel pro bono.

As counsel for the defendant explains in his motion papers, plaintiff was arrested on a charge of first degree rape on or about November 19, 1982 (defendant Moon was not the arresting officer) and he later jumped bail. On or about February 17, 1983 a bench warrant was issued by County Court Judge Andrew Dwyer. Plaintiff, however, was never recaptured in New York. He was arrested by California law enforcement authorities for a torture murder committed on July 6, 1986, and was subsequently convicted and sentenced to death. Currently, plaintiff is on death row in California's San Quentin prison.

Rather than attempting to synopsize the factual allegations in the complaint, here they are in their entirety:

I was just informed recently: that 7 state police officers entered upon private property and seized unlawfully my privately owned 4 X 4 Chevrolet [illegible] without cause. Said vehicle having not been used in any crimes. Jimmy Moon is an ex-schoolmate enemy of mine who has used his authority under color of state law with other personal enemy officers to deprive me of my property without due process of law. Said officers in conspiracy with each other and other Does (also state police officers) have waged a campaign of harassment as well as false arrests without cause or even reasonable suspicion, which was designed to and succeeded [sic] in running me out of business and out of town, they also physically assaulted me.

Based upon these allegations, plaintiff seeks compensatory and punitive damages under § 1983. This complaint was filed on February 14, 1989.

Before we delve into the analysis of this case, a brief description of its history is in order. On a prior occasion, the defendant in the action had moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. He based his motion on four grounds: 1) the complaint failed to state a claim; 2) defendant Moon had no personal involvement; 3) the claims are barred by the statute of limitations; and 4) the defendant is entitled to qualified immunity.

This court granted summary judgment for defendant because all but one of defendant's alleged unconstitutional acts occurred outside the three year statute of limitations applicable to section 1983 claims. Defendant's one alleged act which occurred within the statute of limitations period did not survive the summary judgment motion because of the doctrine of qualified immunity.

Plaintiff appealed the court's decision, and the Second Circuit, in a decision filed on January 13, 1994, vacated and remanded the judgment stating that the court relied on the wrong date for statute of limitations purposes,[1] and also because reliance on the doctrine of qualified immunity was misplaced.

Now on remand, the court acknowledges its mistake with regards to the filing date of plaintiff's complaint. Plaintiff has filed his complaint on February 14, 1986, and thus, for statute of limitations purposes, the said date is the operative date and not March 9, 1986, as previously stated in the court's original order. It is noted, however, that this mistake does not affect our prior decision because all of the alleged claims, false arrest claim excepted, occurred well beyond the three year statute of limitations period. As such, those claims cannot survive the grips of statute of limitations, and thus are time barred.

■ As for the false arrest claim, the plaintiff has alleged that

> [i]n *February or March of 1986*, I came back to New York to see my mother. I was hitch-hiking on Cemetery Road in New Lebanon when [defendant] Moon passed me in his police car and pulled over. I expected to be arrested for the Rape charge, because I knew the warrant was outstanding. Instead, he handcuffed me, slapped me around and told me to get out of town. He drove me to the Lebanon Valley Race Track area and dropped me off telling me to get out of town. I hitch-hiked to Albany and took a bus to New York City and then to San Diego.

(Pltf. Responding Affdvt. ¶ 11) (emphasis added). These allegations were made in plaintiff's response affidavit and not in his complaint. The complaint is void of any such specific allegations.

■ Case law has been unequivocal in stating that the federal courts are prohibited from applying a "heightened pleadings standard" to section 1983 cases. *Leatherman v.* *Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Nonetheless, complaints based on civil rights statutes must include specific allegations of facts showing a violation of rights "instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987). When examining a suit brought under § 1983, it is the duty of the court to examine whether the plaintiff has alleged sufficient facts which, if proved, would comprise an actionable deprivation of a federal right. *Robinson v. City of Mount Vernon,* 654 F.Supp. 170, 172 (S.D.N.Y.1987).

■ With these standards in mind, we now turn to the plaintiff's complaint. In his complaint, plaintiff has failed to allege the specific dates of the unconstitutional violations in question nor has he alleged the specific acts of the defendant. As stated earlier, although civil rights complaints are not held to a higher pleading standard, it must nevertheless include specific allegation of facts showing a violation of rights. *See Barr,* 810 F.2d at 363. Plaintiff's complaint lacks the required specificity and moreover, fails to even satisfy the basic pleading requirement. Allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under section 1983. *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987). Plaintiff's instant complaint is noting more than conclusory, and therefore, must be dismissed.

■ This dismissal, however, is without prejudice due to plaintiff's *pro se* status when filing the complaint. *See, e.g., Hall v. Dworkin,* 829 F.Supp. 1403, 1408 (N.D.N.Y.1993) (favorable inference must be given to a *pro se* party). Plaintiff is thus given leave to amend his complaint in compliance with this order. Such an amendment must be made within 45 days of this order, and failure to so amend will result in the dismissal of the complaint with prejudice.

---

1. This court's prior decision stated that plaintiff's complaint was filed March 9, 1986. An examination of the records reveal that the true operative date for statute of limitations purposes was February 14, 1986, the date of the filing of the complaint in the Northern District of California and not March 9, 1986, the date the file was transferred to this district from the Northern District of California.

## CONCLUSION

For the reasons expressed above, any claims asserted by plaintiff which accrued prior to February 14, 1986 are barred by the statute of limitations. As for the false arrest claim which *conceivably* comes within the statute of limitations, defendant Moon is granted summary judgement and the complaint is dismissed without prejudice. Plaintiff is given leave to amend his complaint within 45 days of this order. Failure to so amend will result in the dismissal of the complaint with prejudice.

**IT IS SO ORDERED.**