**Donald TODD**

v.

**Kathleen HAWK, et al.**

**Civ. No. 4:93–CV–662–Y.**

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 19, 1994.

Donald Todd, pro se.

Randell P. Means, Fort Worth, TX, for defendants.

**36**

### ORDER DENYING MOTION
### TO ADD PARTIES

MEANS, District Judge.

Pending before the Court is the plaintiff's motion to add parties, filed December 29, 1993. After careful consideration of said motion, the Court finds that it should be DE-NIED.

The Court first acknowledges that leave of court to amend pleadings should be given freely. Fed.R.Civ.P. 15(a); *see Boileau v. Bethlehem Steel Corp.,* 730 F.2d 929, 938 (3d Cir.), *cert. denied,* 469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 150 (1984). However, it is well established that courts should consider the futility of a proposed amendment when determining whether leave should be granted. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Schlacter–Jones v. General Tel.,* 936 F.2d 435, 443 (9th Cir.1991); *Cranberg v. Consumers Union of U.S., Inc.,* 756 F.2d 382, 392 (5th Cir.), *cert. denied,* 474 U.S. 850, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). In the instant case, such a consideration weighs heavily against the granting of leave.

This Court's June 15, 1994 order granted the motion to dismiss filed by other federal defendants, similarly situated to those parties Plaintiff seeks to join, as to claims asserted under the Federal Tort Claims Act, the Civil Rights Act of 1964, and for injunctive relief. The June 15, 1994 ruling on those claims applies with equal force with respect to the proposed defendants.

■ Moreover, the Court finds that any equal protection claim Plaintiff brings pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), is also subject to dismissal, for he has failed to satisfy the heightened pleading standard that governs suits under 42 U.S.C. § 1983 in this circuit.[1] Claims against the federal government may be brought pursuant to *Bivens* for acts that would constitute a deprivation of a constitutional right under color of state law

actionable under § 1983. *See, e.g., Enplanar, Inc. v. Marsh,* 11 F.3d 1284, 1295 (5th Cir.1994), *petition for cert. filed,* 63 U.S.L.W. 3009 (U.S. June 13, 1994) (No. 93–2053); *Rourke v. Thompson,* 11 F.3d 47, 49–50 (5th Cir.1993).

The defendants' motion to dismiss pointed out the deficiencies of Plaintiff's amended complaint, the most important of which are as follows:

> In *Elliot v. Perez,* 751 F.2d 1472, 1482 (5th Cir.1985), the Court held a plaintiff attempting to present a civil rights case against individual government officials must be able to present material facts on which he contends he can establish a right to recovery, and that such a plaintiff must be able to state those facts with some particularity, and finally, he must show why the official cannot show a good defense of immunity.

> Further, discovery cannot proceed until the Court has determined that the defense of qualified immunity will not be granted. "Plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." "[C]omplaints combining conclusory facts, will not survive motions to dismiss," *Geter v. Fortenberry,* 849 F.2d 1550, 1553 (5th Cir.1988).

> In the complaint, plaintiff has not made any factual allegations which would indicate a denial of any of his constitutional rights.

(Defs.' Mot. to Dismiss at 5–6.) This large portion of the defendants' brief is recounted to emphasize the extent to which Plaintiff was put on notice that his amended complaint did not allege facts with any specificity, despite the law of this circuit clearly requiring him to do so. His bare conclusory assertions are precisely what the heightened pleading requirement was designed to pierce.

■ The Court notes that the Supreme Court's rejection of this circuit's heightened

---

**1.** The June 15 order denied the motion to dismiss as to other defendants' *Bivens* claims. The Court now finds that the June 15 order was improvident in that regard. Because those defendants

appealed the order, this Court is divested of jurisdiction over their case. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 401–02, 74 L.Ed.2d 225 (1982).

pleading standard pertained only in the context of claims against municipalities. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). Like many other courts considering this issue, this Court concludes that the heightened pleading standard remains intact when applied to individuals asserting qualified immunity. *See, e.g., Branch v. Tunnell,* 14 F.3d 449, 457 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994); *Kimberlin v. Quinlan,* 6 F.3d 789, 794 (D.C.Cir.1993), *petition for cert. filed,* 63 U.S.L.W. 3009 (U.S. June 22, 1994) (No. 2068); *Idoux v. Lamar University System,* 828 F.Supp. 1252, 1256–57 n. 2 (E.D.Tex. 1993); *McDonald v. City of Freeport, Tex.,* 834 F.Supp. 921, 929 (S.D.Tex.1993).

However, the U.S. Court of Appeals for the Ninth Circuit applies a heightened pleading standard only where an element of the constitutional tort alleged involves a determination of the actor's subjective intent. *See Mendocino Envtl. Ctr. v. Mendocino County,* 14 F.3d 457, 461 (9th Cir.1994). The Seventh Circuit employs no heightened pleading standard whatsoever in civil rights cases. *See Triad Ass'n, Inc. v. Robinson,* 10 F.3d 492, 497 (7th Cir.1993). Notably, the law in this circuit has imposed a more stringent standard under which § 1983 and *Bivens* claims are examined.

The Fifth Circuit delivered its opinion in *Colle v. Brazos County, Tex.,* 981 F.2d 237 (5th Cir.1993), at a time when the Supreme Court had granted certiorari in *Leatherman* but not yet rendered its opinion. In *Colle,* the court held that "the heightened pleading requirement governs all § 1983 complaints brought in this circuit." *Colle,* 981 F.2d at 243 n. 26. *Leatherman* obviously overrules the application of the heightened pleading standard with respect to claims against municipalities, but the High Court expressly declined to pass upon the application of the standard to individual government officials asserting qualified immunity. *See Leatherman,* —— U.S. at ——, 113 S.Ct. at 1162. In accordance with the above-quoted language from *Colle,* this Court gives the heightened pleading standard its broadest application consistent with *Leatherman. Cf. Schultea v. Wood,* 27 F.3d 1112, 1119–20 n. 2 (5th Cir. 1994) (panel of circuit court may not overrule previous decisions imposing heightened pleading standard, absent en banc reconsideration or a superseding decision of the Supreme Court); *Jordan v. Jackson,* 15 F.3d 333, 339 n. 5 (4th Cir.1994) (dicta) (*Leatherman* Court expressed no view on question of whether its qualified immunity jurisprudence would require a heightened pleading standard in cases involving individual government officials, but seemed to suggest the question would be answered affirmatively) (internal quotation omitted).

Thus, this Court rejects the Ninth Circuit approach which does not apply a heightened pleading standard unless an element of the constitutional tort alleged involves a determination of subjective intent. *See Mendocino,* 14 F.3d at 461. While not expressly rejecting such an approach, the Fifth Circuit has, in fact, applied a heightened requirement where the elements of the violation alleged involved only an inquiry into objective reasonableness. *See Streetman v. Jordan,* 918 F.2d 555, 556–57 (5th Cir.1990) (applying heightened pleading standard in § 1983 claim for Fourth Amendment violations similar to those alleged in *Mendocino* ); *Fee v. Herndon,* 900 F.2d 804, (5th Cir.) (specific facts required for due process claim), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990).

The heightened pleading standard must remain an integral tool for district courts to identify those claims against individuals capable of withstanding an immunity defense. *See, e.g., Biase v. Kaplan,* 852 F.Supp. 268, 286–87 (D.N.J.1994); *McDonald v. City of Freeport, Tex.,* 834 F.Supp. 921, 929 (S.D.Tex.1993); *Idoux,* 828 F.Supp. 1252, 1256 (E.D.Tex.1993); *Rallis v. Stone,* 821 F.Supp. 466, 470 (E.D.Mich.1993); *Awalt v. Whalen,* 809 F.Supp. 414, 416 (E.D.Va.1992); *Tachiquin v. Stowell,* 789 F.Supp. 1512, 1516 (E.D.Cal.1992); *Herbage v. Meese,* 747 F.Supp. 60, 63–64 (D.D.C.1990); *see also Siegert v. Gilley,* 500 U.S. 226, 235, 111 S.Ct. 1789, 1795, 114 L.Ed.2d 277 (1991) (Kennedy, J., concurring) ("The heightened pleading standard is a necessary and appropriate ac-

commodation between the state of mind component of malice and the objective test that prevails in qualified immunity analysis as a general matter."); *cf. Barnett v. Moon,* 846 F.Supp. 200, 202 (N.D.N.Y.1994) (purporting to reject heightened pleading standard in § 1983 cases in light of *Leatherman,* yet requiring claimant to plead specific facts); *Behre v. Thomas,* 665 F.Supp. 89, 94 (D.N.H. 1987) (civil rights conspiracy claimant must show some causal connection between act of official and alleged violation), *aff'd,* 843 F.2d 1385 (1st Cir.1988). This Court finds that to abolish, or even limit as the Ninth Circuit has, the heightened pleading requirement is to improperly remove much of the protection from suit qualified immunity is meant to provide.

 For the foregoing reasons, the Court determines that an amendment to Plaintiff's complaint adding additional parties would be futile, and therefore ORDERS that his motion to add parties is DENIED.

SO ORDERED.