114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert T. ALMY, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants-Appellees.
 No. 96-1207.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 7, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied July 29, 1997.
 
 Before: FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant, Robert T. Almy, filed a complaint against the United States Department of Justice, the Federal Bureau of Investigation (FBI), the Drug Enforcement Administration (DEA), the Office of the United States Attorney for the Northern District of Illinois, and the Department of Treasury alleging that these federal offices wrongly withheld documents pursuant to the Privacy Act, 5 U.S.C. § 522a[1] and the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The district court granted summary judgment in favor of the defendants and denied Almy's motion for reconsideration and to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). Almy appeals.
 
 
 2
 From August 1988 to August 1990, Almy made requests for access to certain documents allegedly maintained by FBI offices in Washington, D.C. and Chicago; DEA offices in Washington, D.C. and Chicago; the United States Attorney's Office for both the Northern Districts of Illinois and Indiana; the United States Department of Justice; and the United States Department of Treasury. Almy's complaint contests the efforts of these federal offices regarding his requests for records, asserting that the responses to his FOIA requests were falsified and forged. There are six discernable appellate arguments, which we address in turn.
 
 
 3
 First, Almy claims that the court erred in denying his request for appointment of new counsel upon granting his request that court appointed counsel be discharged. After preliminary matters and appearances, Almy filed a petition to remove his appointed counsel and requested appointment of new counsel based on counsel's failure to represent him with reasonable diligence and counsel's alleged obstruction of justice. The district court concluded that Almy's attorney, who had many years of experience, had not violated any tenets of professional conduct. The court stated that because counsel had been appointed once, Almy would have to represent himself if he desired to have appointed counsel discharged. The district court then discharged Almy's appointed counsel at Almy's request.
 
 
 4
 Civil litigants do not have a constitutional or statutory right to counsel. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.), cert. denied, 510 U.S. 963 (1993). District courts are authorized to appoint counsel pursuant to 28 U.S.C. § 1915(d), and we review the denial of court appointed counsel for an abuse of discretion, only reversing in extreme cases in which "the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer...." Farmer, 990 F.2d at 323. Thus, our inquiry is whether the plaintiff is competent to represent himself and, if not, whether the presence of counsel would have made a difference in the outcome. Id. at 322.
 
 
 5
 From Almy's filings, it is evident that he understood his claims against the various governmental agencies and offices and his requests for documents under the FOIA. In addition, Almy demonstrated further legal ability by filing a request for recusal and accompanying affidavit and a motion for reconsideration under Federal Rule of Civil Procedure 59(e), amongst a myriad of other motions and responses. In sum, Almy has demonstrated that he is capable of pursuing his lawsuit in federal court. An attorney may have made more logical and rational arguments, yet this court would be hard-pressed to conclude that it was impossible for Almy to obtain justice without counsel or that counsel would have affected the outcome. See id. at 323. Therefore, the district court's refusal to appoint another attorney per Almy's second request was not an abuse of discretion.
 
 
 6
 Second, Almy contends that the district court erred in denying his motion for recusal pursuant to 28 U.S.C. §§ 144 and 455(a). Section 455(a) requires a judge to recuse himself when presiding over a case would create an appearance of bias. United States v. Troxell, 887 F.2d 830, 833 (7th Cir.1989). A party must challenge the judge's denial of recusal under § 455(a) immediately by applying for a writ of mandamus or the challenge is waived. United States v. Horton, 98 F.3d 313, 316 (7th Cir.1996).
 
 
 7
 Almy filed a petition for a writ of mandamus with this court prior to the determination of his 28 U.S.C. §§ 144 and 455(a) motion in the district court. While the petition for mandamus was pending, the district court denied Almy's motion for recusal. This court then entered an order denying the petition for writ of mandamus. Hence, Almy's attempt to bring a § 455(a) challenge on direct appeal is not reviewable, as questions under § 455(a) may not be raised on appeal from the final decision. See New York City Hous. Dev. Corp. v. Hart, 796 F.2d 976, 979 (7th Cir.1986).
 
 
 8
 In contrast to 28 U.S.C. § 455(a), recusal under § 144 deals with actual bias and requires the moving party to file a timely and sufficient affidavit in support of the motion setting forth facts that would cause a reasonable person to question the judge's impartiality. United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir.1985), cert. denied, 475 U.S. 1095 (1986). The factual statements, which are taken as true, must support the alleged bias; they cannot be mere conclusions, opinions, or rumors. Id.
 
 
 9
 In his affidavit, Almy sets forth facts of the district court's failure to refer his appointed counsel for disciplinary action; failure to rule on certain motions; and personal attacks on him stating that Almy could not keep switching attorneys whenever he wanted. At best, Almy's factual assertions are mere conclusions and do not state with particularity any evidence from which a reasonable person would infer that Judge Lozano acted with actual, personal bias. Given the strong presumption that judges are impartial, Almy fails in his burden of showing bias under 28 U.S.C. § 144. See id.
 
 
 10
 Third, Almy contends that the defendants are in default for failure to file an answer to his complaint. Because Almy raises this argument for the first time on appeal, it is waived. Gagan v. American Cablevision, Inc., 77 F.3d 951, 966 (7th Cir.1996).
 
 
 11
 Almy's fourth argument challenges the district court's grant of summary judgment in favor of the defendants on Counts 1, 2, and 6 of the complaint based on his failure to exhaust administrative remedies. In relation to these counts, Almy had requested documents from the Department of Justice and Department of Treasury, both of which responded that they were unable to locate any records per Almy's request. Rather than pursing an administrative appeal, Almy filed the instant action challenging the responses.
 
 
 12
 The FOIA requires exhaustion of administrative remedies before the filing of a lawsuit. See Brumley v. United States Dept. of Labor, 767 F.2d 444, 445 (8th Cir.1985) (exhaustion of administrative remedies is prerequisite to lawsuit under FOIA); Stebbins v. National Mut. Ins. Co., 757 F.2d 364, 366 (D.C.Cir.1985) (plaintiff must exhaust administrative remedies under the FOIA before seeking judicial review); Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir.1979) (FOIA clearly implies exhaustion is required). Although this court has not expressly articulated that exhaustion of administrative remedies is required under the FOIA, we have determined that if the plaintiff does not allege that he has exhausted his remedies under the FOIA, the plaintiff has failed to state a claim. Scherer v. Balkema, 840 F.2d 437, 443 (7th Cir.), cert. denied, 486 U.S. 1043 (1988). Hence, Almy's failure to exhaust his administrative remedies bars judicial review of these claims.
 
 
 13
 Fifth, Almy argues that the district court erred in finding that the record searches conducted by the FBI, DEA, and United States Attorney's Office for the Northern District of Illinois were reasonable. In order to obtain summary judgment under the FOIA, the requester has the burden of showing that the agency might have discovered the documents had it conducted a reasonable search. Patterson v. IRS, 56 F.3d 832, 841 (7th Cir.1995). Because the agency is usually in possession of the requested documents and has conducted the searches itself, the district court may rely on agency affidavits submitted in good faith in support of their compliance with the FOIA. See Becker v. IRS, 34 F.3d 398, 406 (7th Cir.1994); In the Matter of Wade, 969 F.2d 241, 249 n. 11 (7th Cir.1992).
 
 
 14
 Here, the district court reviewed the declarations and affidavits submitted in support of summary judgment and found that the FBI, DEA, and the United States Attorney's Office for the Northern District of Illinois had conducted reasonable searches in response to Almy's requests. The court also concluded that Almy had presented nothing but bare allegations that the searches were inadequate. On appeal, Almy fails to state an identifiable argument or specify any error in the district court's decision, aside from unsubstantiated allegations that the district court ignored the defendants' "outrageous conduct". Almy's undeveloped and unsupported claims, in tandem with his failure to identify error in the district court's decision, constitute waiver of this issue. See Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir.1989); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 15
 Last, Almy contends that the district court abused its discretion in denying his motion for reconsideration and motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion may only be granted if there has been a mistake of law or fact or if there is newly discovered evidence not previously available. Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th Cir.1992). A motion for reconsideration is not the proper forum for reiterating previously rejected arguments or for arguments that could have been raised before the judgment was entered. See Caisse Nationale De Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir.1996).
 
 
 16
 In his Rule 59(e) motion, Almy argued that he was not required to exhaust his administrative remedies before filing suit in federal court. However, the district court previously considered this argument and denied it on summary judgment and, thus, did not abuse its discretion in denying Almy's Rule 59(e) motion on this basis. Almy's next argument is that he did not receive notice of the consequences for failing to respond with affidavits to the motion for summary judgment. The district court responded by analyzing Timms v. Frank, 953 F.2d 281, 286 (7th Cir.), cert. denied, 504 U.S. 957 (1992), which explains that the court will not vacate an entry of judgment unless the lack of notice prejudiced the plaintiff to the extent that the grant of summary judgment was improper. We agree with the district court's conclusion that Almy was not prejudiced, as he did not assert that he would have been able to present evidence that would have established a genuine issue of material fact. Almy's last claim in his Rule 59(e) motion was that he was not allowed to adequately conduct discovery prior to the district court's ruling on the motion for summary judgment. The district court interpreted Almy's argument as that of a request to stay the motion for summary judgment to complete discovery pursuant to Federal Rule of Civil Procedure 56(f), and based on Korf v. Ball State Univ., 726 F.2d 1222, 1230 (7th Cir.1984), concluded that Almy failed to demonstrate why he could not respond to the affidavits or how postponement would enable him to prove that there were genuine issues of material fact. We cannot say that the district court abused its discretion in reaching these conclusions. See Figgie, 966 F.2d at 1179. Therefore, the district court judgment is
 
 
 17
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The district court properly ruled that the Privacy Act did not apply to this case. Section 552a(j)(2) of the Act allows a law enforcement agency to withhold information compiled in the course of a criminal investigation, as is the case here