**Jerome A. CROWDER, Plaintiff–Appellant,**

v.

**Page TRUE, Earl Mayfield, Lieutenant, J.A. Seimen, Lieutenant, et al., Defendants–Appellees.**

No. 94–1559.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 12, 1995.*

Decided Jan. 24, 1996.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.

Jerome A. Crowder (submitted), Florence, CO, for Plaintiff–Appellant.

Charles E. Ex, Criminal Division, Chicago, IL, Michele S. Schroeder, Office of the United States Attorney, Rockford, IL, for Defendants–Appellees.

Before FLAUM, RIPPLE and KANNE, Circuit Judges.

PER CURIAM.

Jerome Crowder is a federal prisoner and a paraplegic. He was incarcerated at the Metropolitan Correctional Center ("MCC") in Chicago, Illinois during the time relevant to the lawsuit.

## I

### BACKGROUND

Crowder filed a complaint in federal district court alleging various violations of his constitutional rights. The district court requested that an attorney represent Crowder. The attorney prepared an amended complaint, brought pursuant to a cause of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Davis v. Passman*, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979) (extending *Bivens* to alleged violation of the Due Process clause of the Fifth Amendment). The court replaced that attorney with a second attorney. The attorney prepared a Third Amended Complaint in which Crowder alleges that the defendants violated his 1) Fifth Amendment right to due process when they held him in administrative detention without a hearing; 2) Eighth Amendment rights because he was denied regularly scheduled physical therapy and because he was denied his wheelchair while in detention; and 3) rights under the Rehabilitation Act, the Architectural Barriers Act, and the Americans with Disabilities Act ("ADA").

In response to the defendants' motion to dismiss the complaint, the district court dismissed most of Crowder's claims in an unpublished order. *Crowder v. True*, 1993 WL 532455 (N.D.Ill. Dec. 21, 1993). The court dismissed Crowder's Rehabilitation Act and Architectural Barriers Act claims for failure to exhaust his administrative remedies. The district court dismissed the ADA claim because the defendants are not subject to the ADA. Crowder's Eighth Amendment claim was also dismissed under Federal Rule of Civil Procedure 12(b)(6). The district court concluded that Crowder failed to allege the scienter necessary to state a claim under the Eighth Amendment and dismissed the claim without prejudice. The district court concluded that Crowder stated a Fifth Amendment due process claim, which remained the sole surviving claim in the complaint.

However, the district court did not address the defendants' immunity defense to Crowder's Fifth Amendment claim. The defendants then filed a motion for reconsideration of the court's holding on the Fifth Amendment claim and to clarify (or make) a ruling on their qualified immunity defense. The district court issued an order on February 17, 1994 denying the defendants' invitation to alter its ruling on the Fifth Amendment claim, but accepting their argument that the defendants were immune from liability because the law in the area was unsettled. With that order the district court dismissed the remaining claims. *Crowder v. True*, 845 F.Supp. 1250 (N.D.Ill.1994). Crowder challenges the district court's decisions on his Fifth and Eighth Amendment claims.[1]

---

1. Crowder also argues that he received ineffective assistance from his counsel. Because Crowder has no constitutional right to appointed counsel in a civil lawsuit, this claim fails. *See*

## II

## DISCUSSION

### A. *Appellate Jurisdiction*

■ As a threshold appellate jurisdiction matter, we note that a question arises whether a final order exists for purposes of reviewing the Eighth Amendment claim. Neither the December nor the February order was accompanied by a separate judgment pursuant to Federal Rule of Civil Procedure 58.[2] Although the Eighth Amendment claim was dismissed without prejudice in the December order, the final order in the case was the February order. By the time the February order was issued, the statute of limitations expired on Crowder's Eighth Amendment claim. *Bivens* actions are governed by the statute of limitations for personal injury actions in the state where the cause of action arose. The personal injury statute of limitations in Illinois is two years. 735 ILCS § 5/13–202. Crowder claims that his injury occurred from October 1991 through January 1992. The cause of action, therefore, is statutorily barred as of February 1994. For that reason, the dismissal is a final decision and is appealable. *See Ordower v. Feldman*, 826 F.2d 1569, 1573 (7th Cir.1987) (dismissal of complaint without prejudice for untimely service is final for purposes of appeal because any new complaint filed would be dismissed as time-barred).

### B. *Fifth Amendment Claim*

■ Crowder does not cite in his complaint the legal basis for his alleged Fifth Amendment liberty interest related to his placement in administrative detention for three months without a hearing and without periodic review. The district court held that 28 C.F.R. § 541.22(c)(1) creates a constitutionally protected liberty interest because it requires periodic review after a prisoner is placed in administrative detention. The mandatory language directing the review was the basis of the district court's decision that

Crowder stated a Fifth Amendment due process claim. 845 F.Supp. at 1253–54.

The district court based its holding on *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The Supreme Court decision in *Hewitt* declared that the state could confer a constitutionally protected liberty interest by using mandatory statutory language if that language created a legitimate and enforceable expectation based on substantive predicates. *Id.* After the district court's decision in this case, however, the Supreme Court decided *Sandin v. Conner*, —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

In *Sandin*, the Court abandoned *Hewitt*'s methodology for examining the interests allegedly created by the state. It rejected "mandatory language" as the focus in determining if a statute or regulation created a liberty interest. Instead, the Court stated that it was returning to the due process principles established and applied in earlier cases which focused on the nature of the deprivation. *Id.* at ——, 115 S.Ct. at 2300 (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)). Although the Court acknowledged that states may under certain circumstances create liberty interests which are protected by the Due Process clause, "these [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* [citations omitted]. While *Sandin* addressed state-created liberty interests under the Fourteenth Amendment, its methodology applies equally to Fifth Amendment claims involving federal prison regulations. *Hagan v. Tirado*, 896 F.Supp. 990, 995 (C.D.Cal.1995)

---

*Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir.1995); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir.1992).

**2.** We have expressed our frustration with the failure of the Clerk of the District Court to follow

this rule, and stress yet again our displeasure with the failure to enter a separate judgment. *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir.1994) (en banc).

(under *Sandin,* inmate placed in administrative segregation pursuant to § 541.22 has no due process right to a hearing).

We have considered the nature of the deprivation alleged by Crowder and hold that § 541.22 does not create a constitutionally protected liberty interest. The regulation, like the one in *Meachum,* subjects the prisoner to more burdensome conditions, but is "within the normal limits or range of custody which the conviction has authorized the [government] to impose." *Meachum,* 427 U.S. at 225, 96 S.Ct. at 2538 (transfer of inmates to prison with more burdensome conditions of confinement not a violation of due process); *see Sandin,* —— U.S. at ——, 115 S.Ct. at 2297. It does not constitute a "grievous loss" of liberty, *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972), an atypical and significant hardship on the prisoners generally in relation to the ordinary incidents of prison life, nor a dramatic departure from the basic conditions or duration of the prisoners' sentences. *Sandin,* —— U.S. at —— ——, 115 S.Ct. at 2299–2301. It follows, therefore, that the periodic review of administrative detention placement bears none of these pivotal characteristics and does not create a constitutionally protected liberty interest.

Because of our decision that no constitutional violation occurred, it is unnecessary for us to reach the question of whether the defendants were protected from civil prosecution by qualified immunity. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Mendenhall v. Goldsmith,* 59 F.3d 685 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 568, 133 L.Ed.2d 492 (1995).

### C. *Eighth Amendment Claim*

▮ Crowder alleged that the defendants were deliberately indifferent to his serious medical condition—his paraplegia—in violation of the Eighth Amendment. To sustain his claim, Crowder must allege that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Crowder's complaint fails to allege the required scienter. Instead, it states only that he was denied his wheelchair because it did not fit through the cell doors; that he was denied physical therapy sessions; that he was deprived of exercise, recreation, hygienic care; and that he was denied reasonable and necessary medical care. These allegations are not sufficient to raise a fair inference of deliberate indifference to his serious medical needs. *Cf. Duckworth v. Franzen,* 780 F.2d 645, 653 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986); *see Maclin v. Freake,* 650 F.2d 885, 889 (7th Cir.1981) (denial of physical therapy to paraplegic prisoner for eleven months sufficient to state a claim for purposes of surviving review pursuant to 28 U.S.C. § 1915). The district court appropriately dismissed Crowder's Eighth Amendment claims. *Shockley v. Jones,* 823 F.2d 1068, 1072 (7th Cir.1987).

### Conclusion

The district court judgment is affirmed.

AFFIRMED.