107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ivan J. JONES, Plaintiff-Appellant,
v.
Robert FARLEY, et al., Defendants-Appellees.
 No. 96-1726.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Jan. 31, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Ivan Jones filed this action under 42 U.S.C. § 1983 seeking damages as a result of his placement into solitary confinement and subsequent prison discipline.
 
 
 2
 Jones became involved in an altercation with a guard. What precisely led to the dispute, who said what, and who punched whom, were disputed issues in the prison disciplinary proceedings. It was undisputed that marijuana was found on Jones's person when he was taken to segregation after this incident, although he said that the drug was not his. (Jones said that he was carrying it as a favor for someone else; the prison did not view this as a justification.) The prison's administrative apparatus ultimately concluded that Jones threatened, and then punched, the guard. For the punch, he received a year in segregation. For the marijuana, he received a reduction in good-time credits. The district court granted summary judgment to the defendants with respect to all claims arising from these facts.
 
 
 3
 According to Jones, his initial placement in solitary confinement for two weeks pending a hearing violated the Constitution because it was not preceded by hearings, and because the restrictive conditions constituted cruel and unusual punishment and handicapped his access to the courts. The due process argument fails in light of Sandin v. Conner, 115 S.Ct. 2293 (1995), which we applied to situations much like Jones's in Crowder v. True, 74 F.3d 812 (7th Cir.1996), and Williams v. Ramos, 71 F.3d 1246 (7th Cir.1995). For the reasons stated in those cases, we hold that two weeks in isolation is not such a departure from the usual conditions of confinement that it requires a pre-deprivation hearing. The cruel-and-unusual-punishment submission fails for a related reason: two weeks without exercise and normal amenities does not constitute cruel and unusual punishment. Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988).
 
 
 4
 As for the contention that restricted access to writing materials deprived Jones of access to the courts: a prisoner must show actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim. Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996). Jones does not identify any legal claim that he has been unable to prosecute as a result of the conditions in segregation, so under the standards of Lewis his claim cannot succeed.
 
 
 5
 Objections to the disciplinary proceedings themselves, which the district court rejected on the ground that none of the defendants had anything to do with the events, should have been dismissed for a different reason: under Heck v. Humphrey, 512 U.S. 477 (1994), this claim does not even accrue until the outcome of the disciplinary proceeding has been set aside by a court (on petition for writ of habeas corpus) or by appropriate executive officials. Miller v. Indiana Department of Corrections, 75 F.3d 330 (7th Cir.1996), holds that the principle of Heck applies to administrative decisions that entail a loss of liberty, and that therefore could be challenged by petition for writ of habeas corpus. Whether Miller correctly understood Heck is a question at issue before the Supreme Court in Edwards v. Balisok, certiorari granted, 116 S.Ct. 1564 (1996), which was argued on November 13, 1996, but we will apply Miller unless instructed otherwise by higher authority. Evans v. McBride, 94 F.3d 1062 (7th Cir.1996). Heck and Miller disable Jones from seeking damages on the basis of administrative disciplinary actions that have not been set aside.
 
 
 6
 To the extent the district court dismissed with prejudice the claims related to the disciplinary hearings, the judgment is modified so that it is without prejudice to renewal if the outcome of the disciplinary proceeding should be set aside in the future. As modified, the judgment is affirmed.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)