124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles Henry RUDOLPH, Petitioner-Appellant,
v.
UNITED STATES BUREAU OF PRISONS, Respondent-Appellee.
 No. 96-3749.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 7, 1997.*
Filed Aug. 18, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96-1127; Michael M. Mihm, Chief Judge.
 Before POSNER, Chief Judge and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Charles Rudolph believes that the Bureau of Prisons violated his constitutional rights when establishing his security and custody status. He filed this action under 28 U.S.C. § 2241, but he did not name the proper respondent for an action seeking a writ of habeas corpus, see Hogan v. Hanks, 97 F.3d 189 (7th Cir.1996), and the claims he presents do not concern the validity or duration of his custody. The Bureau of Prisons does not ask us to reclassify this as an action under the Administrative Procedures Act or some other statute, however, and as the label does not matter to the merits of the suit we do not pursue the subject.
 
 
 2
 The district court dismissed the claim, and properly so. It is frivolous under a line of decisions beginning with Meachum v. Fano, 427 U.S. 215 (1976), and continuing through Sandin v. Conner, 115 S.Ct. 2293 (1995). See also Reno v. Koray, 115 S.Ct. 2021 (1995); Moody v. Daggett, 429 U.S. 78, 87 n. 9 (1976); Wallace v. Robinson, 940 F.2d 243 (7th Cir.1991) (en banc). These cases hold that a prisoner has neither a liberty nor a property interest in his security classification, which prison he will be housed in, or the amenities of prison life. The federal regulations telling the Bureau of Prisons how to determine security classifications do not establish enforceable rights, we have held. See Crowder v. True, 74 F.3d 812, 814 (7th Cir.1996); Miller v. Henman, 804 F.2d 421 (7th Cir.1986). They are designed to enable the Attorney General to control her subordinates, not to offer prisoners leverage against their captors.
 
 
 3
 These doctrines were in place well before Rudolph filed this suit, making it frivolous. That he used § 2241 does not enable him to avoid the Prison Litigation Reform Act. See Newlin v. Helman, No. 96-4229 (7th Cir. July 23, 1997), slip op. 14-16. We hold accordingly that two filing fees must be assessed and collected under the PLRA mechanism (one for the petition, and one for the appeal), and that Rudolph has accumulated two "strikes" for purposes of 28 U.S.C. § 1915(g) (one for the petition, and another for the appeal). But because this is not a collateral attack on the conviction, Rudolph need not use the procedures of 28 U.S.C. § 2244(b) before commencing an initial action under 28 U.S.C. § 2255.
 
 
 4
 The judgment is affirmed, and the case is remanded so that the clerk of the district court may assess and collect the appropriate filing and docketing fees. See Newlin, slip op. 7-8, 14-15.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)