Eric NEWMAN, Petitioner–Appellant,

v.

John ASHCROFT, et al., Respondent–Appellee.

No. 03–4259.

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2004.*

Decided April 30, 2004.

Rehearing En Banc Denied May 26, 2004.

Eric A. Newman, Terre Haute, IN, pro se.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Respondents–Appellees.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Indiana inmate Eric Newman petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, contesting his segregation in administrative detention, and requesting an order from the district court that the prison release him into the general population. The district court dismissed his suit on the ground that the "in custody" element of § 2241 was not satisfied, and we affirm.

Newman was removed from the general prison population after a disciplinary hearing officer found him guilty of fighting with another inmate and imposed sanctions, including 30 days' disciplinary segregation. Newman served 30 days in disciplinary segregation and was then transferred to administrative detention. Newman does not contest the 30–day sanction imposed by the disciplinary hearing officer. Rather, he challenges the requirement that he remain in administrative detention for one year with clear conduct, contending that the decision to place him in administrative detention should have been preceded by notice and a hearing.

The district court correctly dismissed Newman's habeas corpus petition because, as the court explained, Newman is not "in custody" by virtue of the administrative detention he challenges. *See* 28 U.S.C. § 2241(c). Actions by prison authorities that relate only to conditions of confinement and not to the fact or duration of that confinement do not affect custody. *See Alejo v. Heller,* 328 F.3d 930, 937 (7th Cir.2003); *see also Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir.1999) (holding that habeas corpus relief is restricted to claims where "the prisoner is seeking to 'get out' of custody in a meaningful sense"). Whether Newman remains in administrative detention or is allowed to rejoin the general prison population is a decision that affects only the severity of confinement, but has no effect on its duration. *See Bunn v. Conley,* 309 F.3d 1002, 1007 (7th Cir.2002); *see also Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir.2001). Newman has no liberty interest in remaining free from the imposition of administrative detention, and thus no corresponding entitlement to due process. *See Sandin v. Conner,* 515 U.S. 472, 486–87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *see also Wagner v. Hanks,* 128 F.3d 1173, 1174–76 (7th Cir.1997). Neither does § 28 C.F.R. § 541.22, regulating prison officials' imposition of administrative detention, create any liberty interest in freedom from administrative detention. *Crowder v. True,* 74 F.3d 812, 815 (7th Cir.1996); *see also Sandin,* 515 U.S. at 487.

AFFIRMED