

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2008

# Wilson v. Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3992

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wilson v. Hogsten" (2008). *2008 Decisions*. Paper 1443.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1443

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-76                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3992
_____

JASON WILSON,

                                                    Appellant

v.

WARDEN KAREN HOGSTEN; TROY WILLIAMSON; LT. LYONS; LT. FELTMAN;
LT. CLARKSON; LT. HEPNER; MR. BUCK; DR. BONNER; JOHN DOE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00109)
District Judge: Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and IOP 10.6

Before:  BARRY, CHAGARES AND NYGAARD, CIRCUIT JUDGES.

(Opinion Filed   March 14, 2008 )
_____

OPINION
_____

PER CURIAM

        This is an appeal from the District Court's dismissal of Jason Wilson's complaint.

For the following reasons, we will summarily affirm.  See Third Circuit L.A.R. 27.4 and

I.O.P. 10.6.

In January 2006, Appellant, a federal prisoner incarcerated in Pennsylvania, initiated a pro se Bivens action against various prison authorities at the Federal Correctional Institute in Allenwood (FCI-Allenwood).[1] Appellant's amended complaint contended that defendants violated his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights by placing him in the prison's Special Housing Unit (SHU) on administrative detention status without following proper procedures. Prison officials placed Wilson in the SHU pending the outcome of an internal investigation concerning a magazine confiscated from Wilson's locker. Specifically, Wilson claimed that he was never provided with: 1) an administrative detention order as mandated by the Bureau of Prison (BOP) regulations; 2) an opportunity to appear before the Segregation Review Board (SRO); and 3) a psychological assessment despite a history of mental and emotional problems. Wilson alleged that when he inquired about the status of the investigation and attempted to file an administrative grievance, prison officials did not provide him with the proper forms and threatened him with misconduct charges. Wilson sought compensatory and punitive damages as well as injunctive relief. On September 26, 2007 the District Court granted summary judgment to the defendants on all claims, and Wilson filed a timely notice of appeal in this Court.

We exercise plenary review over the District Court's grant of Appellee's motion

---

[1] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights.

for summary judgment. See Whitfield v. Radian Guar., Inc., 501 F.3d 262, 265 (3d Cir. 2007). We apply the same standard in reviewing a motion for summary judgment as the District Court. Id. A motion for summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Wilson's complaint that he was kept in the SHU during the pendency of the ten-month internal investigation, and for ten weeks afterward, is not a cognizable constitutional claim.[2] In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court acknowledged that state prison regulations may create liberty interests protected by the Due Process Clause. However, "these [liberty] interests will be generally limited to freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483-84.[3] We assume that the federal government may conceivably also confer such liberty interests on prisoners. See

---

[2]Under the Prison Reform Litigation Act, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). In the present case, the District Court determined that there were issues of material fact in dispute as to the exhaustion requirement and therefore chose not to resolve the issue. See Ray v. Kertes, 285 F.3d 287, 292 (3d Cir. 2002) (PLRA's exhaustion requirement does not act as a jurisdictional bar).

[3]It is important to note that Wilson is a federal prisoner and therefore his case is governed by the Due Process Clause of the Fifth Amendment. See Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1996).

Crowder v. True, 74 F.3d 812, 815 (7th Cir. 1996).

Here, however, the District Court correctly determined that Wilson's confinement in administrative segregation did not implicate a liberty interest. As noted by the District Court, Wilson was the subject of an internal investigation and there was a need for his confinement in the SHU until November 2005. The subsequent ten-week period of confinement, beginning after the end of the investigation and prior to Wilson's transfer to a different facility in February 2006, also did not transform the entire detention into the atypical and significant hardship contemplated in Sandin. See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (holding that a Pennsylvania prisoner's confinement in administrative segregation for 15 months did not implicate a liberty interest). Therefore, the confinement in SHU and the lack of a formal administrative detention order did not rise to the level of a constitutional violation.

Further, Wilson's reliance on BOP regulations is misplaced. "The central teaching of Sandin is that a state statute or regulation conferring a right is not alone enough to trigger due process." Id. at 708. In any event, the forms and affidavits submitted by the Defendants indicate that Wilson received periodic psychological assessments and SRO reviews.

Wilson alleged that his placement in the SHU and subsequent deprivation of procedural rights constituted cruel and unusual punishment under the Eighth Amendment.

He failed to raise any genuine issues of material fact as to the claim, however.[4] Specifically, Wilson did not plead any facts in his complaint which might lead a court to believe that he has been deprived of "the minimal civilized measures of life's necessities." Id. at 709.

Finally, the District Court properly granted summary judgment for the wardens of FCI-Allenwood. Wilson pled only that the wardens failed to take disciplinary action against prison officials to curb "the known pattern of the staffs [sic] deliberate indifference to correct procedure". As stated above, none of the claims against lower level prison officials is meritorious. Therefore, even if a respondeat superior theory were available, Appellee's motion for summary judgment was properly granted.[5]

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the decision of the District Court. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

_____

[4]Wilson does not state how defendants violated his First, Fourth, Sixth or Fourteenth Amendment rights.

[5]Most jurisdictions do not recognize respondeat superior liability in a Bivens action. See Young v. Quinlan, 960 F.2d 351, 358 n.14 (3d Cir. 1992) (superseded by statute on other grounds).